O'Neil v. Eagle Generator Company.

Opinion delivered November 29, 1909.

1. Corporations—false certificate—liability of officers.—Under Kirby's Digest, § § 845, 863, requiring the president and directors of every business corporation to file with the county clerk a certificate showing the amount actually paid in on the capital stock, and making

them jointly and severally liable for debts of the corporation con-
tracted during the period of their intentional neglect or refusal to
comply with such provision, *held,* that the president and directors are
liable where they knowingly filed a certifiacte showing that the
capital stock was paid in, when it was not paid.  (Page 419.)

2.   SAME—JOINT AND SEVERAL LIABILITY OF OFFICERS.—Where the directors
of a corporation filed a false certificate showing payment of the capi-
tal stock when it was unpaid, they are liable jointly and severally, and
one or more of them may be sued.  (Page 420.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge;
affirmed.

*S. W. Leslie,* for appellants.

Where the directors file a certificate, they are not liable
under § 845 Kirby's Dig.  Section 803 of same does not authorize
a judgment against the directors for failing to take a step in
the organization, nor for taking a step improperly, nor for not
completing the organization at all.  Under the statute they must
intend to neglect their duty in this regard before they can be
held liable.

*Wood & Henderson,* for appellee.

The directors, under § 863, Kirby's Digest, are jointly
and severally liable in an action founded on the statute.  This
court will not entertain objections to instructions unless the
same were urged at the trial of the case.  66 Ark. 47; 65 Ark.
255.  "Intentionally" is used in the statute as synonymous with
"knowingly."

BATTLE, J.  Section 845 of Kirby's Digest is, in part, as
follows:  "Before any corporation formed and established by
virtue of the provisions of this act shall commence business,
the president and directors thereof shall file their articles of
association, and also certificate, setting forth the purposes for
which such corporation is formed, the amount of its capital
stock, the amount actually paid in, and the names of its stock-
holders and the number of shares by each respectively owned,
with the clerk of the county in which the corporation is to have
its principal place of business; and shall file said articles and
certificate bearing the indorsement of the county clerk in the
office of the Secretary of State.  Said certificate shall be recorded
by the said county clerk and Secretary of State in books kept
by them for that purpose."

Section 863 provides: "If the president, directors or secretary of any such corporation shall intentionally neglect or refuse to comply with the provisions of this act, and to perform the duties therein required of them respectively, such of them as so neglect or refuse shall be jointly and severally liable, in an action founded on this statute, for all the debts of such corporation contracted during the period of any such neglect or refusal."

The Eagle Generator Company commenced an action against T. J. O'Neil, J. C. Minor and S. W. Leslie which was founded on these statutes, and was instituted to recover an amount due on account for goods, wares and merchandise sold and delivered the Acetylene Gas Company. Plaintiff alleged in his complaint that that company was a corporation organized under the laws of Arkansas, having filed its articles of association with the county clerk of Garland County, and commenced business on the fifth day of October, 1905; that the defendants were elected directors of the Gas Company, and have been such ever since its organization, and that they as such directors refused and neglected to comply with the foregoing statutes by not filing with the clerk of Garland County, in which the Gas Company has its principal place of business, a certificate setting forth the purposes for which it was organized, the amount of its capital stock, the amount actually paid in, and the names of its stockholders and the number of shares by each respectively owned; that they intentionally neglected and refused to file said certificates, but did file on the fifth day of October, 1905, with the county clerk of Garland County, a certificate which was false and fraudulent in every important particular; that the amount named in the certificate as the amount of the capital stock paid in was greatly in excess of the actual amount; and that the number of shares stated in the certificate to have been subscribed was greatly in excess of the true number. It further alleged that between the 22d day of November, 1905, and the 3d day of February, 1905, and during the period the defendants were refusing and neglecting to file the certificate required by the statute, it sold and delivered to the Gas Company goods, wares and merchandise at and for the sum of $185, for which it is indebted to the plaintiff.

Plaintiff asked for judgment against the defendants for the $185 and six per cent. per annum interest thereon from the 3d day of February, 1906.

The defendants demurred to the complaint, because it did not state facts sufficient to constitute a cause of action, which demurrer the court overruled, and they then filed an answer specifically denying the allegations of the complaint.

In the trial of the issues before a jury the allegations in the complaint were proved by evidence adduced by the plaintiff. It was also proved that the board of directors organized by electing a president, vice president, secretary and treasurer, and thereafter filed the certificate mentioned in the complaint. Defendants adduced evidence which tended to prove that they acted in good faith in filing the certificate. After receiving instructions from the court, the jury returned a verdict in favor of plaintiff for $185. Judgment was rendered against the defendant for that amount, and from that judgment they have appealed to this court.

Appellants say: "This statement (certificate) was filed before the Arkansas Acetylene Gas Company was incorporated; but, even admitting that, upon the completion of the corporation, they would be held as directors for their failure to file the certificate, there is no provision by which they would be held liable for the debts of the company if they filed a certificate that was not correct, or even intentionally false."

The statute provides that "any number of persons, not less than three, who, by articles of agreement in writing, have associated, or shall associate, according to the provisions of this act, under any name assumed by them, for the purpose of engaging in or carrying on any kind of lawful business, and who shall comply with all the provisions of the statutes, shall, with their successors and assigns, constitute a body politic and corporate, under the name assumed by them in their articles of association." It then provides that the stockholders shall elect a board of directors, who shall have the care and management of the stock, property, affairs and business of the corporation; and that the board shall elect a president and secretary and treasurer. After this it provides that, before any corporation formed and established by the provisions of this act shall commence busi-

ness, the president and directors thereof shall file their articles of association, and certificates as provided in section 845. When all this is done, it is entitled to do business as such corporation, and it becomes the duty of the Secretary of State to issue to it a certificate, certifying that it is a corporation. Kirby's Digest, § 845. Let the time when the company becomes a corporation be when it may, it is certain that the certificate required by section 845 should be filed after the organization of the board of directors and before it commences doing business; and that was the time when the certificate in this case was filed, and the president and directors have filed no others.

The certificate required by section 845 to be filed must be true and correct. It is required to be filed for the protection of creditors, and it cannot subserve that purpose unless it be true and correct. A false certificate would be useless, and to hold that it answered the requirement of the statute would be absurd.

The defendants knew that the certificate made and filed by them was false when they signed it. They did not know or have reason to believe that shares of stock were paid as they certified. The shares certified to be paid included their own shares, and they knew that they or any part thereof were not paid at the time the certificate was made. It was confidently believed that the shares subscribed would be paid, and in belief of that fact they filed the certificate. But good faith is not equivalent to acts done. The shares certified were not taken or paid when the certificate was made. The evidence showed that defendants intentionally neglected to file the certificate required by the statute.

But appellants say that there were five directors, and only three of them were sued. The statute expressly provides that they shall be jointly and severally liable. Kirby's Digest, § 863. One or more may be sued.

Judgment affirmed.