FELKER *v.* JAMES.

Opinion delivered January 12, 1914.

CORPORATION—FALSE CERTIFICATE—LIABILITY OF OFFICERS.—Where a corporation filed its annual statement under Kirby's Digest, § 848, and the recitals therein are true, the corporate officers are not liable for the debts of the corporation created during the year covered by the report. The liability of the officers exists only when they are in default in failing to file the certificate or statement, or in filing one which is false.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; reversed.

STATEMENT BY THE COURT.

This action was begun in the Benton Circuit Court by the appellee against the appellants to recover the amount of a judgment and costs and interest thereon, which the appellee, James, secured against the Southern Fruit Product Manufacturing Company, a corporation,

in the Benton Circuit Court, amounting to $121.20. The appellants were sued as directors and officers of the corporation against which James had obtained his judgment. It was alleged in the complaint that the corporation was organized on August 28, 1909, and that appellants were elected as its officers and directors and that they filed on the 28th of August, 1909, a certificate with the county clerk of Benton County, with, and as a part of its articles of association, which was false, in that it stated that the sum of one hundred thousand dollars of its capital stock was actually paid in, when in fact not exceeding two thousand dollars was paid in. The plaintiff recited as a second cause of action the alleged fact that on February 1, 1910, the defendants filed a second certificate which was false in that it did not show the correct amount of capital stock, nor the amount of capital actually paid in, and the cash value of its real estate, and its personal estate, etc. The answer denied all the material allegations of the complaint and presented several defenses which we consider it unnecessary to discuss, because of our view of the law as applied to the facts of this case.

The cause was submitted to the court sitting as a jury, on the annual statement filed February 1, 1910, the articles of agreement and incorporation which were filed on the organization of the corporation on August 28, 1909, the record of the judgment wherein appellee was plaintiff and the corporation was defendant, and the pleadings in that case and the deposition of appellant, J. E. Felker, taken in a case wherein the Southern Fruit Product Company was plaintiff and the Southern Fruit Product Manufacturing Company was defendant, the company named as defendant having subsequently succeeded the company named as plaintiff. Appellants offered numerous objections to the above evidence, but offered no evidence themselves. The court made no special finding of fact but rendered judgment against appellants for the amount of appellee's judgment against the corporation of which appellants were the officers.

It appears that the certificate of August 28, 1909, was false in that it stated that one hundred thousand dollars of the capital stock had been paid in, when in fact only two thousand dollars had been paid. An explanation was attempted to be made by the deposition of Felker, which was offered in evidence, but the certificate filed August 28, 1909, is in conflict with the annual statement filed February 1, 1910, and the court was warranted in finding that the certificate was false. We do not understand the evidence, however, to show that the annual statement of February 1, 1910, was false.

*Dick Rice,* for appellant.

Section 863 of Kirby's Digest has reference to the directors of a corporation who *intentionally* neglect or refuse to comply with the provisions of the act, and makes them liable only for debts of the corporation contracted during the period of any such neglect or refusal. There is no evidence that the statement of February 1, 1910, is not a true statement of the condition of the affairs of the company. Unless that statement was false, there is no liability on the part of appellants. 86 S. W. 842; 123 S. W. 373; 80 N. Y. 128.

SMITH, J., (after stating the facts). In the case of *O'Neil* v. *Eagle Generator Company,* 92 Ark. 416, it was decided, to quote from the syllabus in that case, that: "Under Kirby's Digest, sections 845 and 863, requiring the president and directors of every business corporation to file with the county clerk a certificate showing the amount actually paid in on the capital stock, and making them jointly and severally liable for debts of the corporation contracted during the period of their intentional neglect or refusal to comply with such provision, held, that the president and directors are liable when they knowingly filed a certificate showing that the capital stock was paid in, when it was not paid." In the case just quoted from, O'Neil and others were the directors of a corporation which had failed to comply with the provisions of section 845 of Kirby's Digest, which requires the

president and directors of any corporation before commencing business to file their articles of association, and also a certificate, setting forth the purpose for which said corporation was formed, the amount of its capital stock, the amount actually paid and certain other requirements. Section 863 of Kirby's Digest makes the president, directors and secretary of any corporation who intentionally neglect or refuse to comply with the provisions of section 845 liable for all the debts of the corporation contracted during the period of such neglect or refusal. Appellants here are guilty of the same violation of section 845 of Kirby's Digest as the directors were who were held liable in the O'Neil case, *supra,* but the opinion in that case expressly stated the fact to be that the president and directors had filed no other certificate than the false one which had been filed in the attempt to comply with section 845. In the instant case it appears that appellee's debt, which was subsequently reduced to the judgment herein sued on, was made after the annual statement of February 1, 1910, had been filed, and if that statement was true then there would be no liability against the appellants even though the certificate of August 28, 1909, was false.

The annual statement of February 1, 1910, was filed in accordance with the requirements of section 848 of Kirby's Digest, and if its recitals were true, there would be no liability against the corporate officers for the debts of the corporation during the year it covered. Their liability exists only when they are in default in failing to file the certificate or statement, or in filing one which was false.

In the case of *Griffin* v. *Long,* 96 Ark. 268, a creditor of a domestic corporation sued its president and secretary for his debt, which he alleged was contracted during the period when the president and secretary neglected to file the annual statement showing the condition of said corporation. That case was a suit to recover a debt of the principal due to his surety for what he had paid for such principal. A material question in that case was:

When was the debt due by the corporation to its surety contracted, the note evidencing the debt having been several times renewed. It was there said: "So that the liability of the defaulting officials of the corporation to its creditors under the above provisions of our statute is determined by whether or not such officers were in default at the time the original debt was made, or the original note given to such creditor. The rule is well stated by Mr. Thompson in his Commentaries on Corporations, § 4222, as follows: 'The principal question which relates distinctly to these statutory provisions, and which is not common to all statutes imposing a personal liability upon directors for official defaults, has reference to the time when the debt for which the director may be charged is deemed to accrue. If there has been a default in making the reports required by such statute during a particular year, and during that year a debt is contracted, and during a subsequent year, within which the directors are not in default in the making of their reports, a promissory note is given for the debt, it would seem that, for the purpose of relief afforded the creditor by the statute, the debt ought to be deemed to have accrued from its original inception and not from the making of the note. And this is obviously the correct view. The reason of the statute is to require corporations to make such public showing of their affairs as will enable those dealing with them to determine whether they can safely give them credit; and the mischief at which it is aimed is not done unless the credit was actually given during the period of default." And after reviewing the facts of that case and stating them to be that the officers of the corporation were not in default when the debt was contracted, although they subsequently became in default, the opinion concludes with the following statement: "It follows that the debt of the corporation to appellant its surety was contracted on December 17, 1907, and not during the period of any neglect or refusal on the part of the president and secretary of said corporation to file

the report of its financial condition; and that the said officials are not liable for such debt."

So here there is no liability under section 845 of Kirby's Digest against appellants, or any of them, as president or as directors, because before appellee's debt was made the statement required and due under the provisions of section 848 of Kirby's Digest was made and filed with the county clerk of Benton County.

The judgment of the court below is therefore reversed, and the cause will be remanded for a new trial.