SOUTH ARKANSAS GROCERY *v.* LEE.

Opinion delivered April 20, 1925.

1. CORPORATIONS—FALSE CERTIFICATE AS TO STOCK PAID IN—LIA-
   BILITY OF OFFICERS.—Under Crawford & Moses' Dig., § 1711,
   requiring the officers of private corporations to file a certificate
   showing the amount of stock actually paid in, and making them
   liable for the debts of the corporation contracted during the
   period of their intentional neglect or refusal to comply with
   such provision, *held* that a director, who knowingly filed a certi-
   ficate showing that one-fourth of the capital stock had been
   paid in, when nothing was paid, was liable for debts of the cor-
   poration under Crawford & Moses' Dig. § 1730.

2. CORPORATIONS—LIABILITY OF DIRECTOR SIGNING FALSE CERTIFICATE.
   —Where a director filed a certificate stating that $10,000 of
   the capital stock had been paid in, when he knew that none
   had been paid, he cannot escape liability under § 1730, on the
   ground that he understood the language of the certificate to mean
   that the stock had been subscribed, as it was his duty to
   inform himself as to the meaning of the language of the certifi-
   cate.

3. CORPORATIONS—FALSE CERTIFICATE—LIABILITY OF DIRECTOR.—
   Where the director of a corporation who filed a certificate under
   Crawford & Moses' Dig., stating that $10,000 of the capital
   stock had been paid in by subscribers, knowing that no stock
   had been paid in, and no later certificate was filed under § 1715,
   *held* that the director was liable under § 1730, for debts of the
   corporation thereafter incurred; the liability being continuous
   because of failure to comply with the statute.

4. CORPORATIONS—FAILURE TO FILE ANNUAL CERTIFICATE—LIABILITY
   OF SECRETARY.—Where the secretary of a private corporation
   failed to file the annual certificate required by Crawford &
   Moses' Dig., § 1715, he was not liable, under § 1730, for debts
   incurred by the corporation after he had resigned as secretary,
   regardless of the fact that his resignation was not shown by the
   corporate records.

5. CORPORATIONS—LIABILITY OF STOCKHOLDERS.—Persons who were
   neither officers nor directors in a private corporation during the
   time a corporate debt was incurred cannot be held liable for its
   debt under Crawford & Moses' Dig., § 1730.

Appeal from Dallas Circuit Court; *Turner Butler;*
Judge; reversed in part.

*J. W. Warren,* for appellant.

*T. D. Wynne* and *Brundidge & Neelly*, for appellee.

McCULLOCH, C. J.   This is an action instituted by appellant as creditor of a bankrupt corporation, styled ''Farmers' Supply Company,'' against appellees as former officers of the corporation, to recover debts of the corporation, for which appellees are alleged to be responsible by having failed to perform statutory duties with respect to filing certificates. Crawford & Moses' Digest, §§ 1711, 1715, 1730.   There was a trial before a jury, but the court gave a peremptory instruction in favor of each of the appellees.   The question which we have to consider is therefore whether or not there is evidence sufficient to sustain a verdict against either of the appellees.

Said corporation was organized for the purpose of conducting a general mercantile business in Dallas County, and the articles of incorporation and certificate of the president and directors were filed on March 22, 1919.   J. Q. Adams, one of the appellees, was an original stockholder, and was elected director and secretary, and served in that capacity until September, 1919, when he resigned and moved away.   Adams did not participate in the affairs of the corporation from then until his return to the county on January 7, 1921.   The corporation was then insolvent, and went into bankruptcy a few months later.   Adams participated in the organization of the corporation, and, as director, signed the certificate filed pursuant to § 1711, *supra*.   It was certified therein that the capital stock of the corporation amounted to $40,000, divided into shares of twenty-five dollars each, and that $10,000 of the capital stock had been actually paid in by the subscribers.   The evidence shows that the certificate was not correct as to the amount of capital stock paid in, and that, on the contrary, nothing had been paid on the stock.   This certificate was never corrected, and no further certificate, either under § 1711 or § 1715, was filed. The other appellees were not stockholders at the time of the organization, but became stockholders later. Neither of them was an officer of the corporation during

the period of time during which appellant's debt was created. It appears from the undisputed evidence that the debt of the corporation to appellant was incurred between October, 1919, and September, 1920.

The three sections of the statute under which liability of appellees is asserted read as follows:

"Section 1711.  Before any corporation formed and established by virtue of the provisions of this act shall commence business, the president and directors thereof shall file their articles of association, and also certificate, setting forth the purposes for which such corporation is formed, the amount of its capital stock, the amount actually paid in and the names of its stockholders and the number of shares by each respectively owned, with the county clerk of the county in which the corporation is to have its principal places of business; and shall file said articles and certificate, bearing the indorsement of the county clerk, in the office of the Secretary of State." * * *

"Section 1715.   The president and secretary of every corporation organized under the provisions of this act shall annually make a certificate showing the condition of the affairs of such corporation, as nearly as the same can be ascertained, on the first day of January or of July next preceding the time of making such certificate, in the following particular, viz:   The amount of capital actually paid in; the cash value of its real estate; the cash value of its personal estate; the cash value of its credits; the amount of its debts: the name and number of shares of each stockholder; which certificate shall be deposited on or before the fifteenth day of February or of August with the county clerk of the county in which said corporation transacts its business, who shall record the same at length in a book to be kept by him for that purpose." *Id.*

"Section 1730.  If the president, directors or secretary of any such corporation shall intentionally neglect or refuse to comply with the provisions of this act, and to perform the duties therein required of them, respectively, such of them as so neglect or refuse shall be

jointly and severally liable, in an action founded on this statute, for all the debts of such corporation contracted during the period of any such neglect or refusal." *Id.*

The facts with reference to the relation of appellee Adams with the corporation are different from the facts in regard to the attitude of the other appellees, and the question of his liability will be disposed of first.

It is undisputed that Adams was one of the directors of the corporation, and, as director, joined in the original certificate made under § 1711, *supra.* The statute (§ 1730) makes the directors and other officers liable for debts of the corporation contracted during the period of any neglect or refusal to perform their statutory duties. The filing of a false certificate, one known to be untrue, renders the officers liable. *O'Neil* v. *Eagle Generator Co.,* 92 Ark. 416. The only attempt at justification on the part of appellee Adams was that he did not understand at the time he signed the certificate that the language meant that the amount specified as capital stock had been paid in, and that he thought it merely meant that that much had been subscribed. He admits that he knew, and that all the other officers knew, that the stock had not been paid in. It was his duty to inform himself as to the meaning of the language of the certificate, and he cannot escape liability by saying that he misinterpreted the language. He was bound to know the meaning of the language used, and should have informed himself before assuming to join in the certificate. Adams is therefore responsible for the debts of the corporation thereafter incurred.

It will be observed from the sections of the statute quoted above that the only requirement placed upon the directors with respect to filing the certificate is as to the first certificate required by § 1711, and that thereafter the certificates concerning the condition of the corporation were to be filed under § 1715 by the president and secretary in annual reports. If this duty had been complied with by the officers mentioned at the end of the first annual period, correct information would have been fur-

nished the creditors, but we need not decide whether this would have excluded liability thereafter incurred by the original directors who failed to file a correct certificate originally. As we have already seen, no later certificate was filed, and there was therefore a continuous liability on the part of the original directors because of their failure to comply with the statute (§ 1711).

It is also contended that Adams is liable as secretary for failure to file annual certificate under § 1715, *supra*. We do not think that there is any liability shown, for the undisputed evidence is that Adams resigned as secretary before the debt to appellant was incurred. The records of the corporation fail to show his resignation, but he was not bound by the omission in the record, as he proved that he had in fact resigned and ceased to discharge the duties of the office, and moved away from the county.

As to the other appellees, it is sufficient to say that there is no testimony at all that they were directors or even stockholders at the time the original certificate was filed under § 1711, *supra,* and neither of them occupied the position of president or secretary during the period when the debt to appellant was incurred. The court was therefore correct in giving a peremptory instruction in their favor, and the judgment as to all of the appellees, other than Adams, is affirmed, but the judgment in the latter's favor is reversed, and the cause remanded for a new trial.