29   545
40   792

Z. L. SEELEY ET AL. v. EDWIN W. SMITH.

[FILED MAY 13, 1890.]

The evidence in the trial court examined, and found sufficient to sustain the judgment in the court below.

ERROR to the district court for York county. Tried below before NORVAL, J.

*France & Harlan,* for plaintiffs in error.

*Edward Bates,* and *Merton Meeker, contra.*

COBB, CH. J.

This action originated in the county court of York county, wherein Edward Smith was plaintiff and Zenith L. Seeley and Belle, his wife, were defendants. It appears to have been a non-term case, and was tried to a jury, which found for the plaintiff for $22.50 and $18.85 costs of suit, on which judgment was entered.

The defendants appealed from this judgment to the district court, F. M. Bruner and F. J. Parris becoming sureties on the appeal bond in the sum of $82.70.

The plaintiff made substantially the same complaint in the district court as alleged in the court below, that he had entered into a contract with defendants to perform certain services for them in selling certain land in the state of Minnesota, and that under their contract they were indebted to him in the sum of $200. The answer of defendants was a general denial, and also a set-off.

In the district court the cause was tried without a jury, the court finding for the plaintiff in the sum of $200 as against Z. L. Seeley and non-assumpsit as to his wife. Judgment was entered against Seeley for that amount, and for costs, and further, that the plaintiff recover of the sureties, Bruner and Parris, $82.70, to be considered as a part of the judgment for $200 rendered against Seeley. Subsequently, the defendant Seeley, for himself alone, moved for a new trial, which was overruled. The defendants Seeley and Parris bring the cause to this court on error. Several assignments of error are made in their petition,

only two of which are argued in the brief of counsel, and to those our attention will be confined.

The cause of action represents that in the month of August, 1886, the plaintiff, at the request of defendants, entered into their service as an agent to trade and dispose of a certain track of land, of 120 acres, situate in the state of Minnesota, for which service defendants agreed to pay the plaintiff $200; that plaintiff subsequently traded the land for the benefit of defendants, and has performed all the conditions of the contract on his part, and that the defendants have not paid the consideration, nor any part of it, and that the sum of $200 is due.

The first point argued by plaintiffs in error in their brief is that the evidence clearly shows that the plaintiff Smith was the agent of T. A. Gearing, or, at least, that he attempted to gain commissions as an agent from both Gearing and Seeley, for the trade of the land mentioned to Gearing for livery stock. An examination of the evidence shows that this error, or objection, is without substantial foundation. This will be further considered in connection with the second paragraph of the same general assignment, that the judgment of the court is contrary to the evidence.

The plaintiff testified, in his own behalf, that the defendant Seeley employed him to trade off the Minnesota tract of 120 acres of land, in pursuance of which he brought Seeley and Gearing in communication together, and they made a trade about August 1, 1886; that some time in the spring of 1886 Seeley came to plaintiff, stating that he had 120 acres of land in the state of Minnesota; that he wanted to trade it off or sell it, and said, "as you are trading around some, that he would like it if plaintiff could get him a trade," and stated that there was a man at Utica who owned eighty acres of land a mile and a half from Utica, and desired plaintiff to go and see if he could not effect a trade with him for the eighty acres of land. The

plaintiff further testified that it was then agreed that if he would effect this trade of 120 acres of Minnesota land for the eighty acres at Utica the defendant would give him a commission of $200. It appears that the plaintiff was not able to conclude this trade, and so informed the defendant; that subsequently the plaintiff learned that Gearing proposed to sell or dispose of a livery stock and barn, of which he was the owner. The plaintiff informed defendant of this fact, and asked him how he would like to trade his Minnesota land for the livery stock; that defendant replied that he didn't know but that he would trade it, and desired plaintiff to introduce him to Gearing, who was a stranger. Plaintiff testifies that he asked defendant, "Will you give me the same that you agreed to in the spring, when you told me about the Utica party?" and he said that he would; and that was the understanding between us that he was to have the same amount that he was to have had in the spring of the year.

From the record:

Q. State whether or not you had such an agreement.

A. Yes, sir, I had.

Q. State the fact of your agreement, if any, with Z. L. Seeley.

A. The agreement was that if he traded for the stock he was to give me $200.

Pursuant to that agreement the plaintiff says he introduced the defendant to Gearing, taking part in and assisting the negotiation between them, which continued for about one week, and led up to the trade of the Minnesota land for the livery stock and barn; that afterwards, upon plaintiff's applying to defendant for his commissions on the sale and purchase, the defendant suggested that Gearing ought to pay a part of the commission, and that plaintiff should apply to him and see whether he would or would not, which plaintiff consented to do, with the understanding that whatever Gearing should pay would be deducted

from the $200; that the plaintiff applied to Gearing for the purpose stated, who replied that he had not agreed to pay any commissions, and would not pay any, which he adhered to.

I cannot, therefore, agree with the counsel in the argument in his brief, that there is no evidence in the record that the defendant Seeley agreed to pay the plaintiff Smith $200, or any sum, for the trade between Seeley and Gearing; but on the contrary it appears to be the clear purport and substance of the plaintiff's evidence that there was such an agreement and that the services were performed under it. It seems equally clear, from the evidence, that the plaintiff did not act as the agent of Gearing, nor receive or agree to receive any compensation from him, in the transaction. Some portion of the plaintiff's testimony is contradicted by that of the defendant, but in this respect the evidence was conflicting, and the trial court was obliged to depend on its judicial discretion, and to choose between the two as to which was most credible. The action of the court in that regard will not be reviewed here.

The third point presented is that the court erred in entering up two judgments in the case. This point cannot be raised by the plaintiff in error Parris, for the reason that he made no motion for a new trial in the court below. The only motion there made was by the plaintiff in error Seeley, whose motion was made for himself alone, but if made by the other the motion could not here be sustained.

The judgment in the county court against Seeley was for $22.50 and for $18.85 costs. The undertaking of Bruner and Parris recited the amounts of this judgment and undertook to secure the plaintiff in a sum not exceeding $82.70, double the amount, that the appellants should prosecute their appeal, and that if judgment be rendered against them on the appeal they would satisfy the same. The judgment against these sureties is only collateral to that against the defendant Seeley. If he shall discharge the judgment

against him, that which they undertook he would do, the collateral judgment rendered against them, as sureties, will have been discharged. If the defendant Seeley fails to satisfy the judgment, the plaintiff is entitled to recover against the sureties to the full extent of the judgment against them.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

MAXWELL, J., concurs.

NORVAL, J., having presided in the district court, did not sit on the hearing of the case.