## ST. ANTHONY & DAKOTA ELEVATOR COMPANY v. F. MARTINEAU.

### (149 N. W. 355.)

The respondent moves to dismiss this appeal. The court after trial prepared findings and order for judgment in July, 1912, which were not filed until January 7, 1913, or after the term in office of trial judge had expired. Judgment was entered thereon by the clerk. Defendant caused a statement of the case to be settled, and thereon moved for a new trial, which motion was granted by order of October 14, 1913. Plaintiff has appealed therefrom, the record on appeal reaching this court February 11, 1914. Respondent, who was granted a new trial by the order appealed, now moves to dismiss appellant's appeal, alleging that the findings and order for judgment were filed too late and are void, and that no trial has been had and therefore the appeal must involve but a moot question.

**Findings — order — not void or voidable — motion to dismiss.**

    *Held*, the findings and order were but voidable under direct attack, and will not be held as void on this motion. The motion to dismiss the appeal is accordingly denied.

Opinion filed November 7, 1914.

    *William Bateson,* of Rolla, and *Middaugh, Culhbert, Smythe, & Hunt,* of Devils Lake, attorneys for the motion.

    *H. E. Plymat,* of Rolla, and *Mercer, Swan & Stinchfield,* of Minneapolis, Minn., attorneys in opposition to the motion.

    Goss, J.   The questions presented arise on respondent's motion to dismiss plaintiff's appeal.   The history of the case needs to be stated to explain the holding.   This is a jury action which by stipulation of counsel was tried to the court, Honorable John F. Cowan, judge.   Decision was made by written findings, conclusions, and order for judgment dated July 25, 1912, but not filed by the clerk until January 7, 1913, as appears from the indorsement of filing thereon and the recitals of the judgment entered.   On January 6, 1913, the term of office of judge presiding on the trial expired, and he was succeeded by the present judge of that district.   On the face of the record the findings, conclusions, and order, although dated in July, 1912, were not filed until after such expiration of the term of the trial judge.   The judgment awarded was in favor of the plaintiff, this appellant.   Judgment pursuant to said order therefor was entered February 5, 1913, and notice of entry thereof was forthwith served.   Defendant, this respondent, as preparatory to an appeal by himself, caused a statement of the case to be settled June 18, upon which he moved for a new trial, which motion was granted by order of October 14, 1913. From this order granting a new trial, plaintiff seasonably perfected his appeal to this court, the record reaching the clerk February 11, 1914. On May 22, thereafter, respondent procured from this court an order to show cause why plaintiff and appellant's appeal should be dismissed, and hearing was had thereon.   The grounds urged for dismissal are that because the findings, conclusions, and order for judgment were filed after the trial judge had ceased to be such an official, the same "were and are wholly void and of no effect, and should be vacated and

set aside, and the judgment entered thereon is void and should be vacated, and said action should be retried again in the district court, pursuant to the order," granting a new trial. "Said motion will be based upon all the records and proceedings already had on said action and transmitted to this court," together with other affidavits mentioned. In brief, the movant asserts that on this motion should be determined the validity of the findings, conclusions, and order for judgment made by the district court in this action and undeniably a proper subject for review on an appeal from the judgment, and (2) in case it should be thus determined on this motion that the judgment so entered and the order upon which the same is based be void, the appeal should thereby be held for naught and dismissed as involving but a moot question, in that the result of the appeal can avail nothing to the appellant, the plaintiff.

The perfected appeal with the record in this court beyond question confers jurisdiction on this court to decide any and all questions involved under said appeal. And jurisdiction is so conferred to entertain and determine any motion for dismissal of the appeal. We shall assume that jurisdiction is thus conferred to authorize action upon the motion.

There is an insurmountable obstacle to the granting the motion. It is defendant's basic assumption that the judgment entered upon the findings, conclusions, and order purporting to have been filed with the clerk January 7, 1913, "were and are wholly void and of no effect." While the mandatory statutes require findings, conclusions, and order to be filed as construed in Crane v. First Nat. Bank, 26 N. D. 268, 144 N. W. 96, when the judgment is directly attacked in the trial court because so filed too late, it has not been held that the judgment so entered and thus attacked is void, or that findings, conclusions, and order for judgment filed too late, but signed by the judge and during his term of office, are void. It was intimated in Crane v. First Nat. Bank, that it was only because the statute necessarily had to be construed as mandatory that the findings, conclusions, and order for judgment entered thereon when directly attacked would be held voidable, necessitating the same to be set aside. Farther than this it was and now is unnecessary to go. No doubt as is held in Kemp v. Cook, 18 Md. 130; 79 Am. Dec. 681, acquiescence in a voidable judgment may

make the same conclusive as to the party' acquiescing. Whether this movant and respondent in the appeal pending, under the state of the record, can urge the invalidity of said former judgment and on the grounds urged in this motion, is not decided; nor is it necessary to here pass upon whether he may have estopped himself to ever thus urge its invalidity. Should the order granting a new trial be affirmed on said appeal, these questions would not be reached even if proper. to raise. And whatever would be here said on these questions would likewise be unnecessary to the decision of this motion to dismiss. Nothing involved in the appeal is passed upon in this decision. The motion is denied.

BRUCE, J. I concur in the result.