# ST. ANTHONY & DAKOTA ELEVATOR COMPANY v. FORTUNATE MARTINEAU.

## (153 N. W. 416.)

**Procedure — error — consented to — not ground for complaint.**

1. Error cannot be predicated upon irregularities in procedure where such irregularities were consented to by the complaining party.

**Action — jury trial — jury waived by stipulation — equity trial — not mistrial — same cannot be urged — effect of stipulation — trial de novo — errors — review.**

2. At the trial of an action properly triable by jury, the parties, by stipulation, waived a jury and consented to try the cause as an equity suit under the so-called Newman statute. *Held*, that they are precluded from urging that such irregularity caused a mistrial. *Held*, further, and for reasons stated in the opinion, that such stipulation could not transpose the case from an action at law to a suit in equity, so as to authorize a trial *de novo* in the supreme court, but that such case can be reviewed only on errors of law.

**Equity suit — new trial — order granting — appeal from — for trial de novo — insufficient — final judgment.**

3. Even if the action were in equity and properly triable under the Newman law, an appeal from an order granting a new trial would not bring the cause here for trial *de novo*. A trial *de novo* in this court is authorized only on an appeal from the final judgment.

**New trial — order granting — not disturbed if any ground urged is good.**

4. An order granting a motion for a new trial will not be disturbed on appeal if any of the grounds urged on such motion are tenable.

**New trial — order granting — appeal — insufficiency of evidence — discretionary — not disturbed — unless abuse clearly appears — order made by other judge — rule.**

5. The rule that an order granting a motion for a new trial for alleged insufficiency of the evidence will not be disturbed on appeal, in the absence of a clear showing of an abuse of discretion, does not apply where the judge who granted such motion was not the judge who tried the case, and had no opportunity to see and hear the witnesses.

**Findings of fact — conclusions of law — judgment — filing of findings — judge — term of — after — irregular — direct attack.**

6. A judgment entered pursuant to findings of fact, conclusions of law, and an order for judgment, which were not filed until after the expiration of the

term of office of the judge who made them, is not for such reason void, but at the most is merely irregular, and can be challenged only by a direct attack.

**Public officers — liability — municipalities — indebtedness — excess of limit.**

7. The question whether § 1603, Rev. Codes 1905 (§ 2218, Comp. Laws 1913), which imposes a liability upon certain public officers for the performance of contracts entered into on behalf of a municipality, which incur indebtedness in excess of the debt limit, contravenes § 61 of the North Dakota Constitution, is urged, but not decided, for the reason that a decision of such point is unnecessary on this appeal.

**Penalty — forfeiture — action — time in which to bring.**

8. Section 1603, Rev. Codes 1905 (§ 2218, Comp. Laws 1913), construed and *held* to impose a penalty or forfeiture within the meaning of § 6788, Rev. Codes 1905 (§ 7376, Comp. Laws 1913), limiting the time to three years for the commencement of an action upon a statute for a penalty or forfeiture.

Opinion filed April 16, 1915.    Rehearing denied June 3, 1915.

Appeal from District Court, Rolette County, *C. W. Buttz,* J.

From an order granting a new trial, plaintiff appeals.

Affirmed.

*H. E. Plymat* and *Mercer, Swan, & Stinchfield,* for appellant.

The allowance of the accounts as shown by the certified copies of the allowance of the bills was absolute; the warrants on their face are not payable out of such special assessments, but out of "any money in the treasury not otherwise appropriated." This being so, the allowance and the warrants constitute general debts of the city within the meaning of the statutes limiting the amount of indebtedness which may be incurred. 1 Abbott, Mun. Corp. p. 336.

Where instruments are issued by officers of a municipality acting as such, and show on their face an absolute liability, and contain an express promise to pay, a municipal indebtedness is created, and if this is in excess of the debt limit as fixed by statute, such contracts are void, and the officers are individually liable. Fowler v. Superior, 85 Wis. 411, 54 N. W. 800; Sage v. Brooklyn, 89 N. Y. 190; United States v. Ft. Scott, 99 U. S. 152, 25 L. ed. 348; United States v. County Court, 96 U. S. 211, 24 L. ed. 628; Wyandotte v. Zeitz, 21 Kan. 649; State v. Fayette County, 37 Ohio St. 526; Argenti v. San Francisco, 16 Cal. 256.

The warrants contained a written agreement for general indebtedness.

The minutes of the board allowing the claims of plaintiff and others are the best evidence. Abbott, Mun. Corp. 1452.

The acts of Bolstad, claimed as a defense, were not plaintiff's acts, and his knowledge of the facts and circumstances cannot be imputed to plaintiff. He was not acting for plaintiff. Ft. Dearborn Nat. Bank v. Seymour, 71 Minn. 81, 73 N. W. 724; Robertson Lumber Co. v. Anderson, 96 Minn. 527, 105 N. W. 972; 10 Cyc. 1053, 1054; E. S. Woodworth & Co. v. Carroll, 104 Minn. 65, 112 N. W. 1054, 115 N. W. 946.

The statute in question is not a penal statute. The liability under the statute is not imposed as for an offense against the public. 16 Enc. Pl. & Pr. 231, 232; Huntington v. Attrill, 146 U. S. 657, 664, 667, 36 L. ed. 1123, 1127, 1128, 13 Sup. Ct. Rep. 224.

The test as to whether a law is penal is whether the wrong sought to be redressed is a wrong to the public or to an individual. Huntington v. Attrill, supra; 6 Words & Phrases, p. 5269; Nebraska Nat. Bank v. Walsh, 68 Ark. 433, 82 Am. St. Rep. 301, 59 S. W. 952; 25 Cyc. 1052.

Section 1603 of the statutes is intended to hold the officer who violates the statute liable for the performance of the contract. Nebraska Nat. Bank v. Walsh, 68 Ark. 433, 82 Am. St. Rep. 301, 59 S. W. 952.

An agent is individually liable when he exceeds his authority. The same principle prevails here. Rev. Codes 1905, § 5791, Comp. Laws 1913, § 6359; 2 Morawetz, Priv. Corp. § 908; 1 Am. & Eng. Enc. Law, 2d ed. 1124; Huntington v. Attrill, 146 U. S. 657, 664, 36 L. ed. 1123, 1127, 13 Sup. Ct. Rep. 224; Atlanta v. Chattanooga Foundry & Pipeworks, 64 L.R.A. 721, 61 C. C. A. 387, 127 Fed. 23; Brady v. Daly, 175 U. S. 148, 44 L. ed. 109, 20 Sup. Ct. Rep. 62; Flowers v. Bartlett, 66 Minn. 213, 68 N. W. 976.

The liability under this statute is not imposed by way of punishment, but is only an additional civil remedy given to a private individual by reason of a private injury inflicted, and this liability is measured only by the extent of that private injury. American Credit-Indemnity Co. v. Ellis, 156 Ind. 212, 59 N. E. 679; Brown v. Clow, 158 Ind. 403, 62 N. E. 1006; Neal v. Moultrie, 12 Ga. 104; Hargroves v. Chambers, 30 Ga. 580; Woolverton v. Taylor, 132 Ill. 197, 22 Am. St. Rep. 521, 23 N. E. 1007.

Defendant by stipulation waived all objection to trial by the court under the so-called Newman act, and it was improper for the trial court

upon motion for new trial to consider the question as to whether or not the case was properly triable under such act. All evidence should have been received. Rev. Codes 1905, § 7229, Comp. Laws 1913, § 7846; Erickson v. Citizen's Nat. Bank, 9 N. D. 81, 81 N. W. 46; First Nat. Bank v. Merchants' Nat. Bank, 5 N. D. 161, 64 N. W. 941; Otto Gas. Engine Works v. Knerr, 7 N. D. 195, 73 N. W. 87; Peckham v. Van Bergen, 8 N. D. 595, 80 N. W. 759; Hagen v. Gilbertson, 10 N. D. 546, 88 N. W. 455; 24 Cyc. 160; Averill Coal & Oil Co. v. Verner, 22 Ohio St. 379; Bonewitz v. Bonewitz, 50 Ohio St. 373, 40 Am. St. Rep. 671, 34 N. E. 334; Beattie v. David, 40 N. J. L. 102; Moore v. Hinnant, 90 N. C. 163; Pardridge v. Ryan, 134 Ill. 247, 25 N. E. 627.

The question here presented rests upon the same general principles of waiver and estoppel. Newcomb v. Wood, 97 U. S. 581, 24 L. ed. 1085; 2 Cyc. 670, 683 and cases cited; DeLanney v. Western Stock Co. 19 N. D. 630, 125 N. W. 499; 2 Century Dig. 1557, et seq. and cases therein cited; 21 Enc. Pl. & Pr. 664; 29 Cyc. 944; 14 Enc. Pl. & Pr. 873.

Only such grounds as are stated can be considered by the lower court on the hearing of a motion, or upon appeal. Kaiser v. Dalto, 140 Cal. 167, 73 Pac. 828; Nye v. Kahlow, 98 Minn. 81, 107 N. W. 733; Colby v. McDermont, 6 N. D. 495, 71 N. W. 772; Gagnier v. Fargo, 12 N. D. 219, 96 N. W. 841; Tootle v. Petrie, 8 S. D. 19, 65 N. W. 43; Franz Falk Brewing Co. v. Mielenz Bros. 5 Dak. 136, 37 N. W. 728; De Laney v. Western Stock Co. 19 N. D. 630, 125 N. W. 499.

The judgment for plaintiff in the lower court was amply supported by the evidence, and by reason of the attitude of the trial judge upon the motion for new trial, the usual presumption as to the propriety and correctness of the order does not exist. He was not the judge who tried the case. 29 Cyc. 1009; citing Roche v. District of Columbia, 18 Ct. Cl. 217; Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419; Tyler v. Haggart, 19 S. D. 167, 102 N. W. 682; Northwestern Port Huron Co. v. Zickrick, 22 S. D. 89, 115 N. W. 525; Wallace v. Wallace, 26 S. D. 229, 128 N. W. 143; Spackman v. Gross, 25 S. D. 244, 126 N. W. 389.

*William Bateson* and *Middaugh, Cuthbert, Smythe, & Hunt,* for respondent.

Where findings of fact and conclusions of law and an order for judgment are not filed until after the expiration of the term of the trial

judge who made them, judgment entered on them is a nullity.  Crane v. First Nat. Bank, 26 N. D. 268, 144 N. W. 96.

The case was mistried in the trial court.  It cannot be tried here *de novo*.  This appeal should be dismissed, and the case retried in the lower court.  Rev. Codes 1905, §§ 7009, 7229, Comp. Laws 1913, §§ 7608, 7846; Whitney v. Ritz, 24 N. D. 576, 140 N. W. 676; Hagen v. Gilbertson, 10 N. D. 546, 88 N. W. 455; Otto Gas Engine Works v. Knerr, 7 N. D. 195, 73 N. W. 87; First Nat. Bank v. Merchants' Nat. Bank, 5 N. D. 161, 64 N. W. 941; Peckham v. Van Bergen, 8 N. D. 595, 80 N. W. 759; Erickson v. Citizen's Nat. Bank, 9 N. D. 81, 81 N. W. 46; Geils v. Fluegel, 10 N. D. 211, 86 N. W. 712; Barnum v. Gorham Land Co. 13 N. D. 359, 100 N. W. 1079; Laffy v. Gordon, 15 N. D 282, 107 N. W. 969; American Case & Register Co. v. Boyd, 22 N. D. 166, 133 N. W. 65; Umsted v. Colgate Farmers' Elevator Co. 18 N. D. 309, 122 N. W. 390.

Section 1603 of our Revised Codes is unconstitutional in so far as it imposes a penalty, forfeiture, or liability upon private individuals, as it violates § 61 of our Constitution.  Divet v. Richland County, 8 N. D. 65, 76 N. W. 993; Richard v. Stark County, 8 N. D. 392, 79 N. W. 863; Laws of 1895, chap. 25; State ex rel. Standish v. Nomland, 3 N. D. 427, 44 Am. St. Rep. 572, 57 N. W. 85; State ex rel. Erickson v. Burr, 16 N. D. 581, 113 N. W. 705.

This action is barred by the statute of limitation, not having been commenced within three years after the cause arose.  16 Enc. Pl. & Pr. 232; Hudson v. Granger, 23 Misc. 401, 52 N. Y. Supp. 10; State v. Hardman, 16 Ind. App. 357, 45 N. E. 345; Butler v. Butler, 62 S. C. 165, 40 S. E. 138; Lagler v. Bye, 42 Ind. App. 592, 85 N. E. 36; Corning v. McCullough, 1 N. Y. 47, 49 Am. Dec. 287; Aldrich v. McClaine, 45 C. C. A. 631, 106 Fed. 791; Nebraska Nat. Bank v. Walsh, 68 Ark. 433, 82 Am. St. Rep. 301, 59 S. W. 952; Merchants' Bank v. Bliss, 35 N. Y. 412; Re Warren, 52 Mich. 557, 18 N. W. 356; Globe Pub. Co. v. State Bank, 41 Neb. 175, 27 L.R.A. 854, 59 N. W. 683; Diversey v. Smith, 103 Ill. 378, 42 Am. Rep. 14.

The statute in question creates a forfeiture merely.  There is a distinction between public and private corporations as regards penalties and forfeitures.  Irvine v. McKeon, 23 Cal. 472; Gadsden v. Woodward, 103 N. Y. 242, 8 N. E. 653; State Sav. Bank v. Johnson, 18 Mont.

440, 33 L.R.A. 552, 56 Am. St. Rep. 591, 45 Pac. 662; Sturges v. Burton, 8 Ohio St. 215, 72 Am. Dec. 582; Clough v. Rocky Mountain Oil Co. 25 Colo. 520, 55 Pac. 809; Jenet v. Albers, 7 Colo. App. 271, 43 Pac. 453; Gregory v. German Bank, 3 Colo. 334, 25 Am. Rep. 760; Thomp. Corp. 2d ed. § 1355, and those following; Dill. Mun. Corp. 4th ed. § 236.

The indebtedness of the village of St. John to plaintiff was not one requiring a general taxation, but was payable out of the proceeds of special assessments to which plaintiff agreed to look.  Rev. Codes 1905, §§ 2880, 2899, Comp. Laws 1913, §§ 3877, 3905; 1 Dill. Mun. Corp. 4th ed. § 447; 28 Cyc. 1043, 1057; Soule v. Seattle, 6 Wash. 315, 33 Pac. 384; Park Ridge v. Robinson, 198 Ill. 571, 92 Am. St. Rep. 276, 65 N. E. 104; Quill v. Indianapolis, 124 Ind. 292, 7 L.R.A. 681, 23 N. E. 788; Cason v. Lebanon, 153 Ind. 567, 55 N. E. 768; Thomas v. Olympia, 12 Wash. 465, 41 Pac. 191; Huntington v. Force, 152 Ind. 368, 53 N. E. 443; Kirsch v. Braun, 153 Ind. 247, 53 N. E. 1082; Claiborne County v. Brooks, 111 U. S. 400, 28 L. ed. 470, 4 Sup. Ct. Rep. 489; East Oakland Twp. v. Skinner, 94 U. S. 257, 24 L. ed. 126; McClure v. Oxford Twp. 94 U. S. 429, 24 L. ed. 129; Wells v. Pontotoc County, 102 U. S. 625, 26 L. ed. 122; Kelley v. Milan, 127 U. S. 139, 32 L. ed. 77, 8 Sup. Ct. Rep. 1101; Young v. Clarendon Twp. 132 U. S. 340, 33 L. ed. 356, 10 Sup. Ct. Rep. 107; Hill v. Memphis, 134 U. S. 198, 33 L. ed. 887, 10 Sup. Ct. Rep. 562; Marshall County v. Cook, 38 Ill. 44, 87 Am. Dec. 282; Bissell v. Kankakee, 64 Ill. 249, 16 Am. Rep. 554; Montgomery County v. Fullen, 111 Ind. 410, 12 N. E. 298; Strieb v. Cox, 111 Ind. 299, 12 N. E. 481; Ripley County v. Hill, 115 Ind. 316, 16 N. E. 156; Valparaiso v. Gardner, 97 Ind. 1, 49 Am. Rep. 416; Law v. People, 87 Ill. 385; Davis v. Des Moines, 71 Iowa, 500, 32 N. W. 470; Swanson v. Ottumwa, 118 Iowa, 161, 59 L.R.A. 620, 91 N. W. 1048; Corey v. Ft. Dodge, 133 Iowa, 666, 111 N. W. 6; Commercial Nat. Bank v. Portland, 24 Or. 188, 41 Am. St. Rep. 854, 33 Pac. 532; North Pacific Lumbering & Mfg. Co. v. East Portland, 14 Or. 3, 12 Pac. 4; Reilly v. Albany, 112 N. Y. 42, 19 N. E. 508; Cumming v. Brooklyn, 11 Paige, 596; Barber Asphalt Pav. Co. v. Harrisburg, 29 L.R.A. 401, 12 C. C. A. 100, 28 U. S. App. 108, 64 Fed. 283; Allen v. Davenport, 107 Iowa, 90, 77 N. W. 532; Cooley, Taxn. p. 175;

Raleigh v. Peace, 110 N. C. 32, 17 L.R.A. 330, 14 S. E. 521; Vallelly v. Park Comrs, 16 N. D. 25, 15 L.R.A.(N.S.) 61, 111 N. W. 615.

Bolstad was plaintiff's agent in delivering material to the city. He was clothed with possession and right to dispose of the material, and plaintiff was bound by the contract which he made. 1 Am. & Eng. Enc. Law, 1144; Johnson Harvester Co. v. Miller, 72 Mich. 265, 16 Am. St. Rep. 536, 40 N. W. 429.

FISK, Ch. J.   This is an appeal from an order of the district court of Rolette county granting defendant's motion for a new trial.   The action was brought to recover a balance due for lumber sold by plaintiff to the village of St. John.   The theory upon which defendant is sought to be held liable to the plaintiff in this action is that the contract between plaintiff and such village was void by reason of the fact that such indebtedness exceeded the debt limit authorized by the Constitution and statutes of this state, and that under § 1603, Rev. Codes 1905, § 2218, Comp. Laws 1913, this defendant, who was at the time president of the village board, and who participated in the purchase of such lumber, is individually liable for the performance of such contract.   It also appears that plaintiff's agent, one Bolstad, who negotiated such sale, was also a member of the village board.

Notwithstanding the fact that the action was one properly triable to a jury, counsel, at the commencement of the trial in the court below, entered into a stipulation not only waiving a jury, but consenting that the case be tried under what is known as the Newman law, and it was by the consent of the court, as well as by the parties, so tried, all evidence offered being received, no rulings made or exceptions saved.   This procedure was manifestly irregular, but neither party is in a position to predicate error thereon.

The case, not coming within the provisions of the so-called Newman law, cannot be tried *de novo* in this court, but can only come here for a review of alleged errors of law.   Parties cannot by stipulation change the methods prescribed by law to be pursued on appeals to this court. But even though this were a case properly triable under the Newman law, we could not try it *de novo* in this court on this appeal, for the obvious reason that it is not here for trial *de novo* of the entire case, but, as before stated, is here on an appeal merely from an order granting

a new trial. Appellant's counsel in preparing their brief in this court evidently labored under considerable doubt as to the correct practice to pursue, for they have demanded a review of the entire case *de novo* and have also specified errors of law. The demand for a trial *de novo* is, of course, without avail, for reasons already stated, but this is of no serious consequence because appellant has challenged, by a proper specification, the correctness of the order appealed from. They have in fact set forth nine so-called specifications of errors of law, but the only specification requisite to a review of the order appealed from was that the trial court erred in making such order.

In determining the correctness of such order, it is well settled that if any of the grounds urged on the motion for a new trial are tenable, such order will not be disturbed. Such is the holding of this court. Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314. It is also well settled that in reviewing such order the usual rule that the same will not be disturbed in the absence of a showing of an abuse of discretion in making such order does not obtain here, for the judge who granted such order had nothing to do with the trial of the case, he being merely the successor in office of the trial judge. As was said by Chief Justice Corliss in Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419: "But this rule (the rule which makes the exercise of the discretion of the trial court binding upon the appellate court in the absence of a palpable abuse, although the latter court would have reached a different conclusion had it been called upon to exercise its own discretion in the first instance) should have but little weight in this case, for the reason that the judge by whom the new trial was granted was not the judge before whom the case was tried, and therefore was no better qualified by reason of having been present at the trial properly to exercise discretion in the matter than this court. 'The discretion vested in the trial court to grant or refuse a new trial is neither an arbitrary nor a general discretion. It is based on the theory that the judge who tries a case, having the parties, their witnesses and counsel, before him, with opportunity to observe their demeanor and conduct during the trial, and to note all incidents occurring during its progress likely to affect the result thereof, is better qualified to judge whether a fair trial has been had and substantial justice done than the appellate tribunal.' To the judge who granted this new trial the record was as cold and lifeless as it is to us.

No recollection of the appearance, demeanor, conduct of witnesses and parties; no impressions derived from the view of the trial and its manifold incidents,—went to make up the judgment that deemed a new trial just. That judgment was the result merely of the comparison of one lifeless record with another, the affidavits with the record of the proceedings on the trial. The reason for the rule that the order granting a new trial is to be sustained although the trial court would have been justified in reaching a different conclusion, and although the appellate court might deem a different conclusion the better one, therefore, does not exist in this case, and the rule itself should not, under such circumstances, be rigidly followed, if followed at all." See also Sands v. Cruikshank, 15 S. D. 142, 87 N. W. 589, and Lavin v. Kreger, 20 S. D. 80, 104 N. W. 909.

This brings us to a consideration of the merits.

The statutory grounds urged on the motion for a new trial were (1) alleged errors of law occurring at the trial, and (2) alleged insufficiency of the evidence to justify the decision of the court.

Many specifications of errors of law are contained in the settled statement upon which such motion was based, but for reasons hereafter stated it will not be necessary to notice them all.

Certain contentions claimed to be decisive of this appeal are made in respondent's brief, and while we deem but one of them controlling, some of the others are worthy of notice, as they involve important practice questions which may frequently arise.

First, it is argued that because the findings of fact, conclusions of law, and order for judgment of the trial judge were not filed until the day after he was succeeded in office by Judge Buttz, the judgment entered pursuant thereto was a nullity, and therefore such fact alone furnished ample justification for the order vacating the same and granting a new trial. A sufficient answer to this contention is the fact that no such ground for the order complained of was suggested to or acted upon by the lower court in making the order. Furthermore, such judgment was not a nullity, but at the most one irregularly entered, and voidable only when properly challenged by direct attack. See opinion on motion to dismiss this appeal, 149 N. W. 355. No such attack has ever been made in the court below, so far as we are advised, and clearly it cannot be

made in this court for the first time by motion to dismiss the appeal or as a ground for justifying the order appealed from.

Second, it is asserted that because the action was not properly triable under the so-called Newman law, and cannot therefore be tried *de novo* in this court, there was of necessity a mistrial. Sixteen pages of respondent's brief are devoted to this point, but we deem such contention wholly without merit. It occurs to us that it would be a most novel doctrine to announce that a mistrial would of necessity result merely because the parties in a law case have by consent pursued a mode of trial in the district court adopted only to an equity suit triable under the Newman law. Upon what plausible theory or legal reasoning can such contention be upheld? True, upon an appeal from the judgment a trial *de novo* cannot be had in this court, but this the parties were bound to know when they selected by stipulation the method of trial. Even if the consequences to the defeated party of such denial of a right to a trial *de novo* in this court were destructive of important rights, he must be held to be the author of his own injury. Having made his bed he must lie in it. But, happily, no serious consequences necessarily follow from such stipulation. In the first place, as we have heretofore observed, the appeal being from the order granting a new trial, we are not concerned with the Newman law at all, and, second, we fail to perceive any obstacle in the way of the defeated party, after a trial conducted as this was conducted, from having the errors, if any, reviewed and corrected in precisely the same manner and under the same procedure that must have controlled in the absence of such stipulation, or in the absence of the Newman law. Manifestly, the stipulation did not and could not transpose the case from an action at law to a suit in equity, and most certainly not so as to control the statutory method of review of the judgment in this court. We think the above is a sufficient answer to this contention.

It is also argued that § 1603, Rev. Codes 1905, § 2218, Comp. Laws 1913, violates § 61 of the Constitution, which provides that "no bill shall embrace more than one subject, which shall be expressed in its title" etc., and is therefore unconstitutional in so far as it imposes a penalty, forfeiture, or liability upon individuals. This statute had its origin in chapter 126, Laws of 1897, being § 101 thereof. This chapter embraces a general revenue and taxation measure, and its title is "An Act Pre-

scribing the Mode of Making Assessments of Property, the Equalization of and the Levy and Collection of Taxes and for All Other Purposes Relative Thereto," and repealing certain acts therein enumerated. It is contended that the provisions of § 101, in so far as they declare void any contract which incurs an indebtedness in excess of the debt limit of the municipality, and make each officer who makes, or participates in making, or authorizes the making of, any such contract, individually liable for its performance, are not germane to the title of the act.

While we consider such question not free from doubt, our conclusion on the following points renders a decision thereof unnecessary, and we therefore refrain from expressing any opinion thereon. We mention it here merely for the purpose of dispelling any implication which might otherwise arise, that we deem respondent's contention devoid of merit. Assuming, for the purposes of this case only, that such statute is constitutional, we approach what we deem to be the crucial and controlling point on this appeal.

It is contended that this action is barred by the statute of limitations (§ 6788, Rev. Codes 1905, § 7376, Comp. Laws 1913), which provides, among other things, that "an action upon a statute for a penalty or forfeiture, when the action is given to the party aggrieved, or to such party and the state, .. . ." must be commenced within three years. This contention rests upon the assumption that the statute imposing such liability upon officers of a municipality is penal, rather than remedial. Does such statute impose a penalty upon such officers, or does it merely establish a contract right? It reads: "And every contract made in contravention of the provisions of this section shall be utterly null and void in regard to any obligation thereby imposed on the corporation on behalf of which such contract purports to be made; but every commissioner, officer, agent, supervisor, or member of any municipal corporation that makes or participates in making or authorizes the making of any such contract shall be held individually liable for its performance." [Rev. Codes 1905, § 1603, Comp. Laws 1913, § 2218.]

This law, if constitutional, concededly creates a statutory liability of some kind, and the perplexing question is whether such liability can be regarded as contractual in any true sense of the term. If such liability is not contractual, then it must, we think, be treated as in the nature of a penalty or forfeiture. We have examined the authorities cited by

appellant to support its contention that such statute does not impose a penalty or forfeiture, but, as stated by respondent, such authorities merely involve statutes imposing personal liability upon officers of *private corporations,* and therefore they are not directly in point, although they announce principles somewhat analogous to the case at bar. These authorities are: American Credit-Indemnity Co. v. Ellis, 156 Ind. 212, 59 N. E. 679; Brown v. Clow, 158 Ind. 403, 62 N. E. 1006; Neal v. Moultrie, 12 Ga. 104; Hargroves v. Chambers, 30 Ga. 580; Woolverton v. Taylor, 132 Ill. 197, 22 Am. St. Rep. 521, 23 N. E. 1007; 16 Enc. Pl. & Pr. 231, 232; Huntington v. Attrill, 146 U. S. 657, 36 L. ed. 1123, 13 Sup. Ct. Rep. 224; Nebraska Nat. Bank v. Walsh, 68 Ark. 433, 82 Am. St. Rep. 301, 59 S. W. 952; Atlanta v. Chattanooga Foundry & Pipe Works, 64 L.R.A. 721, 61 C. C. A. 387, 127 Fed. 23; Brady v. Daly, 175 U. S. 148, 44 L. ed. 109, 20 Sup. Ct. Rep. 62; Flowers v. Bartlett, 66 Minn. 213, 68 N. W. 976.

We admit that there is much force in the argument of appellant's counsel, yet, we are constrained to hold that the statutory liability imposed under said section is in the nature of a penalty or forfeiture within the meaning of § 6788, Rev. Codes 1905, § 7376, Comp. Laws 1913, which prescribes that an action under a statute for a penalty or forfeiture must be brought within three years. We reach this conclusion with some misgivings, but after careful consideration of the language of the statute, which upon its face evidently aims to shift upon municipal officers who violate its provisions the burden of performing the contract which they have attempted to make in behalf of such municipality. No authorities directly in point under the facts have been called to our attention, and we have found none, but the following reasons prompt us in arriving at this conclusion. In the first place, the authorities, even in cases involving the nature and legal effect of statutory provisions imposing similar liability upon officers and trustees of private corporations under analogous circumstances, are not by any means harmonious, and it is at least doubtful if the weight of authority, as well as the better reasoned cases under statutes similar to ours, do not support the doctrine contended for by respondent in the case at bar. Indeed, most of the cases cited and relied upon by the appellant will, on careful examination, be found to be easily differentiated from this case on the ground of statutory provisions differing from those in this state. Others ex-

pressly recognize that there is quite an array of respectable authority holding that statutes similar to the one they construe are penal, and subject to the statute of limitations for suits based on penal statutes. See Nebraska Nat. Bank v. Walsh, 68 Ark. 433, 82 Am. St. Rep. 301, 59 S. W. 952, wherein, among other things, it is said: *"Much depends, of course, upon the language of the respective statutes,* as to the construction to be given them, and the correct application of the decisions construing them. Many New York cases are cited as authority for holding our statute penal. *The New York limitation statute is as follows: 'An action upon a statute for a penalty or forfeiture when the action is given to the person aggrieved or to that person and the people of the state, except where the statute imposing it prescribes a different limitation, shall be brought within three years.'* Other cases based on statutes embodying similar language are cited. *We do not consider cases based upon such statutes as in conflict with the view we have expressed."* See also American Credit-Indemnity Co. v. Ellis, 156 Ind. 212, 59 N. E. 679, where it is said: "Section 15, as we now find it, differs so widely from the provisions of the statutes of New York and other states, fixing the liability of officers upon the violation of the law requiring the making of a report, that the decisions of the courts of those states holding their statutes penal are wholly inapplicable." In this connection it should be noted that our statute of limitations here in question is the same as that in the state of New York. As opposed to the authorities cited by respondent we merely refer to the following: Merchants' Bank v. Bliss, 35 N. Y. 412; Wiles v. Suydam, 64 N. Y. 173; Veeder v. Baker, 83 N. Y. 156; Gadsden v. Woodward, 103 N. Y. 242, 8 N. E. 653; State Sav. Bank v. Johnson, 18 Mont. 440, 33 L.R.A. 552, 56 Am. St. Rep. 591, 45 Pac. 662; Clough v. Rocky Mountain Oil Co. 25 Colo. 520, 55 Pac. 809. See also opinion of Chief Justice Cooley in Re Warren, 52 Mich. 557, 18 N. W. 356. See also Merchants' Nat. Bank v. Northwestern Mfg. & C. Co. 48 Minn. 349, 51 N. W. 117.

That the effect, and not the mere form, of the statute, is to be considered, see Diversey v. Smith, 103 Ill. 378, 42 Am. Rep. 14. Tested by such rule it seems obvious that our statute, even though remedial in a sense, is also penal within the meaning of our three-year-limitation statute, for it most certainly penalizes the public officers who violate its provisions. Such is the inevitable effect of an enforcement thereof.

That a statute may be both penal and remedial in its operation has support in the authorities. Sedgwick, Stat. & Const. Law, 41, quoted in Diversey v. Smith, supra.

Another, and to our minds a quite controlling, reason why we should uphold respondent's contention on this point, is the fact that it evidently was the legislative intent that § 6788, Rev. Codes 1905, § 7376 Comp. Laws 1913, should apply to cases like this, for it is expressly restricted to actions "upon a statute for a penalty or forfeiture, *when the action is given to the party aggrieved,*" etc., there being in the same act a separate limitation fixing one year for the commencement of an action on a statute to recover a penalty or forfeiture by persons not aggrieved, but who nevertheless are given the privilege of collecting and retaining such penalty in whole or in part. See § 6792, Rev. Codes 1905, § 7380, Comp. Laws 1913. Manifestly, therefore, the legislature has recognized a marked distinction in the nature of statutory penalties and forfeitures, there being one class for which a recovery can be had only by the aggrieved party, to which class the statute in question belongs. If this case does not involve the latter, it is difficult to imagine any case involving this class.

Our views on this point render a consideration of the other questions unnecessary.

The order appealed from is affirmed.