## CONTINENTAL NAT. BANK OF MEMPHIS, TENN., v. BUFORD.

(Circuit Court, E. D. Arkansas, N. D. March 1, 1901.)

**1. CORPORATIONS—STATUTORY LIABILITY OF OFFICERS—ARKANSAS STATUTE.**

Sand. & H. Dig. Ark. § 1337, requires the president and secretary of every corporation to annually make and file a certificate showing the condition of the affairs of the corporation in certain designated particulars either on the 1st day of January, in which case the certificate shall be filed on or before February 15th following, or on the 1st day of July, in which case it shall be filed on or before August 15th following. Section 1347 provides that, if such officers shall neglect or refuse to file such certificate, they shall be jointly and severally liable to an action founded on the statute for all debts of the corporation "contracted during the period of any such neglect or refusal." *Held*, that under such statute the officers had their election as to whether the certificate should relate to January 1st or July 1st, but that it must be filed each year not later than August 15th, and that, if not so filed, the officers were individually liable for any debt thereafter contracted by the corporation during the remainder of the year.

**2. SAME—LIMITATIONS.**

A right of action to enforce such statutory liability accrues at once when the debt of the corporation is contracted, and continues for three years under the statute of limitations of the state; and the time for bringing the action cannot be extended beyond such three years by extensions of the note of the corporation by which the debt is evidenced; the action being based upon the statute, and not upon the note.

**3. SAME—PLEADING.**

A complaint in an action against the president of a corporation to enforce his individual liability under such statute must clearly state the date when the debt of the corporation was contracted, and facts showing that at such time the officers were in default for having failed to file the certificate required by the statute for the then current year.

On Demurrer to Complaint.

Rhae P. Cary, for plaintiff.

Davidson & Meeks, for defendant.

ROGERS, District Judge. This suit is a statutory proceeding, founded on sections 1337, 1347, of Sandels & Hill's Digest of the Statutes of Arkansas, which read as follows:

"Sec. 1337. The president and secretary of every corporation organized under the provisions of this act shall annually make a certificate showing the condition of the affairs of such corporation, as nearly as the same can be ascertained, on the 1st day of January or July next preceding the time of making such certificate, in the following particulars, viz.: The amount of capital actually paid in; the cash value of its real estate; the cash value of its personal estate; the cash value of its credits; the amount of its debts; the name and number of the shares of each stockholder,—which certificate shall be deposited on or before the 15th day of February or August, with the county clerk of the county in which said corporation transacts its business, who shall record the same at length in a book to be kept by him for that purpose."

"Sec. 1347. If the president or secretary of any such corporation shall neglect or refuse to comply with the provisions of section 1337, and to perform the duties required of them respectively, the persons so neglecting or refusing shall jointly and severally be liable to an action founded on this statute for all debts of such corporation contracted during the period of any such neglect or refusal."

No authority need be cited to establish so plain a proposition as that, where a suit is founded on a statute, the pleader must state a case clearly within its terms. The preliminary question, there fore, is to clearly understand the meaning of the statute. What does section 1337, Sand. & H. Dig., require of the president and secretary of domestic corporations in this state? Answer: First, to make a certain certificate; second, to make it annually; third, it must show the condition of the corporation in certain particulars specified in the statute (and omitted here because not necessary to state them); fourth, the condition of the corporation required to be shown is its condition either "on the 1st day of January or July next preceding the time of making such certificate"; fifth, if the certificate made shows the condition of the corporation on January 1st next before it was made, it must be deposited with the county clerk on or before the 15th day of February next thereafter; sixth, if the certificate made shows the condition of the corporation on July 1st next before it was made, it must be deposited with the county clerk on or before the 15th day of August next thereafter.

It is clear, then, that if this is a correct construction of that section the officers may elect whether in the certificate they will show the condition of the corporation on January 1st or July 1st, provided, always, in each year, when possible, one certificate must be made; but, if they elect to make the certificate show the condition of the corporation on January 1st, it must be made and deposited with the county clerk on or before the 15th of February next thereafter, and, if they elect to make the certificate show the condition of the corporation on July 1st, it must be made and deposited with the county clerk on or before August 15th next thereafter. This is important, because, when the time has expired in which the law requires the certificate to be made and deposited, the liability of the officers attaches; and all debts contracted between that time and the time the next certificate is required to be made and deposited they are personally liable for, and any person having such a debt may sue upon it at any time after the liability attaches. Difficulties will be found in applying this construction of the statute to supposable cases. They will be found, however, in any construction that may be placed upon it. The difficulties are inherent in the language of the statute. We know, however, that the certificate required is to be made "annually," and "annually" does not mean "twice in one year," but means "yearly," or "once in each year." Holding on to this definition of the word "annually," it seems to me no other construction is possible, without disregarding some parts of the section, which is not permissible so long as a construction is possible which will permit all to stand.

Now, let us turn to the complaint. In the first place, there is not a single allegation in the complaint which informs us when either of the three debts sued for was "contracted"; but the officers of the Bank of Mammoth Springs are not personally liable for any debts of that bank, except such as were "contracted during the period of such neglect or refusal" to make and deposit the required

certificate. But it may be said the following allegation appears as to the first debt:

"That on September 5, 1894, said Bank of Mammoth Springs became indebted to plaintiff in the sum of $2,500, by note for that amount, due November 8, 1894."

Assuming that the words "became indebted" are tantamount to "contracted," then how does plaintiff stand? It is alleged, and must be taken as true, that defendant became president of the Bank of Mammoth Springs on June 9, 1891, and continued president until June 9, 1896, and never did make or deposit any of the required annual certificates. As to this debt, his last failure or refusal before it was contracted occurred on August 15, 1894, and the failure or refusal continued until this debt was contracted. His liability for this debt, therefore, began the moment it was contracted, and continued three years, which would be to September, 1897. This debt, therefore, is clearly barred by the three-year statute of limitations. Bank v. Walsh, 68 Ark. ——, 59 S. W. 952.

If it be said that debt was renewed from time to time, and the last note therefor executed on May 20, 1897, there are two answers: First, a renewal of a note is not the contraction of a debt. It is simply the execution of a new note as evidence of a debt previously contracted. Plaintiff's brief contains citations which, I think, conclusively establish this proposition. Secondly, if the execution of the renewal of the note of May 20, 1897, was the contraction of the debt within the meaning of the statute, then the answer is, defendant was not president of the bank in 1897. The defendant ceased to be president in June, 1896, and the times for making and depositing the two certificates had occurred after he ceased to be president, and before the note was executed.

What I have said is applicable with even more force to the second note, for as to that there is no allegation as to when the debt was contracted, or any language tantamount thereto. The language is, the Bank of Mammoth Springs "was also indebted," etc. That allegation may be true, and yet the debt have been contracted 10 years before. The same is true of the open account. The allegations do not bring it within the terms of the statute. It does not appear that a single item of it was contracted while defendant was an officer of the bank. The complaint, therefore, does not show any cause of action; and, if it did, it appears affirmatively that the debts are barred by the three-year limitations. The demurrer, therefore, should be sustained, with leave to amend.