HUGHES v. KELLEY.

Opinion delivered May 30, 1910.

1.  ACTIONS—STATUTORY LIABILITY—SURVIVORSHIP.—An action against the president of a bank to hold him liable under Kirby's Digest, § 859, for the debts of the bank during the time he was in default in failing to file the annual certificate showing the condition of the bank's affairs as required by Kirby's Digest, § 848, is an action on contract and survives the death of the defendant. (Page 329.)

2.  STATUTES—CLERICAL MISPRISION.—The act of February 14, 1891 (Kirby's Digest, § 859), entitled "An act to amend section 980 of Mansfield's Digest," which provides "that section 980 of the Revised Statutes of the State of Arkansas be amended so as to read as follows," should be construed to refer to Mansfield's Digest, and not to the Revised Statutes published in 1838. (Page 330.)

3.  CORPORATIONS—ANNUAL STATEMENT—LIABILITY OF OFFICERS.—The liability of the president and secretary of a corporation for neglect to file the annual certificate required by Kirby's Digest, § 859, does not depend upon whether such neglect was intentional or not. (Page 331.)

Appeal from Saline Circuit Court; W. H. Evans, Judge; affirmed.

STATEMENT BY THE COURT.

The appellees brought this suit and alleged that they are partners doing business under the firm name of Kelley Brothers.

That in the year 1908, and prior thereto, plaintiffs deposited money in the Saline County Bank, and on September 1, 1908, had in said bank $339.97, and that about that time said bank suspended business, and the assets were placed in the hands of a receiver; that the receiver had since then paid plaintiffs $142.87, leaving a balance due them of $197.10. That said bank was a corporation engaged in the banking business, and that John L. Hughes was the president and John G. Steele, secretary.    That said John L. Hughes and John G. Steele, president and secretary, intentionally refused and neglected to file a certificate with the clerk of Saline County, as required by section 848 of Kirby's Digest, showing condition of said bank.    That John L. Hughes died about September 1, 1908. and that George Hughes qualified as executor of his estate. That on the 13th of August, 1909, plaintiffs made out and presented their demand against said estate to George Hughes, the executor, for allowance, and that he refused either to allow or disallow said claim. And prayed for judgment for $197.10.

There was a demurrer, on the ground that "if any action existed against John L. Hughes, it did not survive his death." The demurrer was overruled. Then an answer was filed, denying the allegations of the complaint, except the death of John L. Hughes, which was admitted. The answer also set up that the alleged cause of action would not survive the death of John L. Hughes.

The court directed a verdict in favor of appellees for $197.10. From a judgment in favor of appellees for that sum this appeal has been duly prosecuted.

*Mehaffy & Williams,* for appellant.

The cause of action did not survive the death of Hughes. Blackstone's Comm., vol. 2, book 3, p. 302; 17 L. R. A. (N. S.) 570; 15 *Id.* 1003; 14 *Id.* 893. The cause of action for default by wrongful act does not survive the death of the wrongdoer. 35 S. W. 1062; 18 S. W. 578. An action against trustees for failure to make and file an annual report does not survive the death of the defendant. 96 N. Y. 93. Such cause of action does not survive against the executor of a defaulting party. 80 Fed. 588; 19 Pick. 47; 45 Vt. 566; 40 Am. R. 146; 42 Am. R. 14; 5 Hun 209; 23 N. E. 296; 87 N. E. 860; 54 Ark. 358;

84 Ark. 617; 26 Fed. 737; 51 N. H. 71; 70 Md. 319; 19 N. Y.
252; 61 N. E. 221; 29 S. W. 370; 23 Wis. 400; 50 La. Ann.
477; 111 Fed. 708; 151 U. S. 473; 28 S. E. 662; 46 S. W. 63;
74 N. W. 797; 75 S. W. 868; 23 So. 100.

*W. D. Brouse* and *D. M. Cloud,* for appellee.

The cause of action did survive. 68 Ark. 433; 78 Ark. 517;
90 Ark. 51. The failure to file the statement is presumed to
be wilful. 114 Mich. 64.

WOOD, J., (after stating the facts). 1. The principal ques-
tion is, does the cause of action arising under section 859 of
Kirby's Digest survive? That section is as follows:

"If the president or secretary of any such corporation shall
neglect or refuse to comply with the provisions of section 848
and to perform the duties required of them respectively, the
persons so neglecting or refusing shall jointly and severally be
liable to an action, founded on this statute, for all debts of such
corporation contracted during the period of any such neglect
or refusal."

Section 848 requires the president and secretary of certain
corporations to make an annual certificate showing the condi-
tion of the affairs of such corporations, etc. In view of the
above statute the president of a banking corporation when he
accepts the office and enters upon his duties, impliedly under-
takes, if he neglects or refuses to make the annual statement,
to pay all debts of the corporation contracted during the period
of such neglect or refusal. The law raises the promise on his
part to the creditors of the corporation that he will pay the
debts of the corporation to them contracted during the period
of his neglect or refusal to comply with the statute.

Mr. Blackstone says: "Whatever, therefore, the laws order
any one to pay, that becomes instantly a debt, which he hath
beforehand contracted to discharge." 2 Cooley's Blackstone,
Book III, p. 158; see also p. 157.

Mr. Bishop states the principle thus: "The law by placing
its command in whatever form upon one to do a thing for the
benefit of another, or the State, creates the promise from the
former to the latter to do it." Bish., Cont. (2 ed.), § § 184,
204, 205.

This court, in *Nebraska National Bank* v. *Walsh,* 68 Ark. 433, has heretofore held that the liability created under the above statute is not in the nature of a penalty, but of a contractual obligation. In that case we said: "Having reached the conclusion that this is a statutory liability, and not a penalty, the statute of limitations would be that applicable to all actions founded upon any contract of liability, expressed or implied not in writing; for, before the forms of action were abolished, debt was the proper action for enforcing a statutory liability of the kind under consideration." While the precise question here involved was not before the court in the above case, yet the principle was the same, and it must follow from the reasoning of that case that the rule of survivor is that applicable to obligations in the nature of a contract, and not to those imposed as a penalty. See also *Huntington* v. *Attrill,* 146 U. S. 657; *Arkansas Stables* v. *Samstag,* 78 Ark. 517; *Jones* v. *Harris,* 90 Ark. 51. To be sure, in jurisdictions where liabilities of this kind are held to be penalties, the rule is different. Such are the cases cited in the brief of learned counsel for appellant. The liability created by this statute is in the nature of an ordinary contract, *indebitatus,* for the amounts due creditors of the bank during the period of dereliction of its president.

2. There is no merit in the contention that the act of February 14, 1891 (Acts of 1891, p. 12), did not amend the former law upon the same subject as contained in section 980 of Mansfield's Digest. True, the Legislature of 1901 designated section 980 of Mansfield's Digest as "section 980 of the Revised Statutes." But it is obvious, when the whole act and its title is examined, that the term "Revised Statutes" meant the statutes as revised by the Digester, Judge Mansfield. For the act was an amendment of a prior law on the same subject. That law was contained in section 980 of Mansfield's Digest. There was no such section as 980 in what is technically known, among lawyers, as the "Revised Statutes," revised under the authority of an act approved October 6, 1836, and adopted at the October session of the General Assembly of 1837 and supervised and rearranged by Albert Pike under authority of law and finally published in book form in 1838. There was, however, a section designated 980 in Mansfield's Digest, and that section had reference to the subject-matter that the Legislature of 1891

had in mind when it passed the act of February 14, 1891. The title of this latter act is: "An act to amend section 980 of Mansfield's Digest." This with the subject-matter shows plainly that the Legislature meant to amend section 980 of Mansfield's Digest, or section 980 of the statutes as revised by Mansfield. Designating the section as "Revised Statutes" was an obvious clerical misprision.

3. There was no prejudicial error therefore in the admission of testimony tending to prove that John L. Hughes, the president of the bank, intentionally neglected or refused to make the annual report. For, under the law, it was wholly immaterial whether the delinquency was intentional or not.

The judgment is affirmed.