TAYLOR *v.* DEXTER.

Opinion delivered November 27, 1916.

CORPORATION—FAILURE OF OFFICERS TO FILE REPORT—LIABILITY FOR JUDGMENT ON ACTION SOUNDING IN TORT.—Officers of a corporation, who have failed to file the annual report, are not personally responsible where a judgment has been obtained against the corporation, in tort. The personal liability of the officers is limited to debts *ex contractu*.

Appeal from Cross Circuit Court, First Division; *W. J. Driver,* Judge; reversed.

*Killough & Lines,* for appellant.

1. The language of § 859, Kirby's Digest, is restricted to debts incurred *ex contractu*, and does not include obligations incurred *ex delicto* on torts. 180 Fed. 543; 113 U. S. 452; 14 Wend. 58; 137 Mass. 516; 9 L. R. A. 187; 68 Ark. 433; 36 L. Ed. U. S. 1123; 28 *Id.* 1038. The judgment should be reversed and the cause dismissed.

*Mardis & Mardis, H. P. Maddox* and *S. W. Ogan,*
for appellee.

1.   A judgment merges the original obligation and
becomes a debt by contract, and appellant is liable
under § 859 of Kirby's Digest.   Harr. Cont., 295; 67
N. W. 1015; 89 Hun. 54; 119 N. Y. 117; 2 Ia. 535; 4
Keyes, 335; 38 Ind. 429; 2 Blacks. Com. (Lewis ed.)
465; 1 Bouvier Law Dict., 426; 43 Atl. 233.

HUMPHREYS, J.   On the 29th day of October, 1915,
appellee instituted this proceeding to fix personal lia-
bility on appellant, president of "The York Lumber
Company," for failure to comply with section 848, Kir-
by's Digest, in reference to filing required reports.   Said
appellee had obtained a judgment against the York
Lumber Company on account of personal injury for
$800 on the 23d day of April, 1913.   Execution was
issued on the judgment, but no levy was made because
no property could be found by the officer.   Only two
issues were presented by the pleadings and evidence.

First:   Was William Taylor president of said cor-
poration when the injury occurred and judgment was
obtained, and did the officers of the corporation fail to
file the report required by law.   These questions were
properly submitted to the jury and there was sufficient
evidence to sustain the verdict of the jury on these
points:

Second:   Are officers of a corporation personally
responsible for actions sounding in tort for failure to
file reports required by law?

Section 859, Kirby's Digest, reads as follows:   "If
the president or secretary of any such corporation shall
neglect or refuse to comply with the provisions of sec-
tion 848, and to perform the duties required of them,
respectively, the persons so neglecting or refusing, shall
jointly and severally be liable to an action founded
on this statute, for all debts of such corporation con-
tracted during the period of any such neglect or re-
fusal."

The court is of opinion that the personal liability of officers under this statute is limited to debts *ex contractu.* The statute is not broad enough to include obligations *ex delicto*, even when reduced to judgment.

In construing these statutes, the court used the following language in the case of *Nebraska National Bank* v. *Walsh:* "We conclude from this consideration, that the statute is not penal, but highly remedial, even when construed independent of the statute of limitations." 68 Ark. 437. See, also, *McDonald* v. *Mueller* 123 Ark. 226.

In the case of *Proctor-Gamble Co.* v. *Warren Cotton Oil Co.*, 180 Fed. Reporter, 543 these statutes were construed by Judge Trieber. In that case it was held that the construction given by the Arkansas court was binding on the Federal courts. The following language was used in that opinion: "It will be noted that in each of the acts the words used are 'all debts,' thus indicating that the intention of the law-making body was to include every liability arising upon contracts as distinguished from those arising from torts."

In support of the opinion rendered by the court the case of *Chase* v. *Curtis*, 113 U. S. 452 was cited. This was a New York case and involved a construction of the statute of the State of New York very much like the statute of the State of Arkansas.

The court, in *Proctor-Gamble Co.* v. *Warren Cotton Oil Co.*, used the following language: "There it was sought to hold officers of a corporation liable * * * on a judgment rendered against the corporation for a tort committed by its agents; but the court held that such an action could not be maintained for a tort, even after it had been reduced to a judgment and thus liquidated and made certain."

We think the reasoning of the learned judge on the construction of these statutes in *Proctor-Gamble Co.* v. *Warren Cotton Oil Co.*, is sound and adopt same in arriving at our conclusion herein.

Under this view of the law, it is unnecessary to remand this cause, and therefore the judgment is reversed and cause dismissed.