CULBERHOUSE v. FISCHER LIME & CEMENT COMPANY.

Opinion delivered December 22, 1924.

1. CORPORATIONS—FAILURE OF OFFICERS TO FILE ANNUAL CERTIFICATE—CONSTRUCTION.—In so far as Crawford & Moses' Dig., §§ 1715, 1726, requiring the president and secretary of a domestic corporation annually to file a certificate showing its financial condition and rendering them personally liable for debts contracted during the period in which they neglect to do so, relate to civil liability, they are remedial in character and should be liberally construed.

2. CORPORATIONS—ANNUAL CERTIFICATE—CONSTRUCTION OF STATUTE. —Under Crawford & Moses' Dig., §§ 1715-1726, requiring the president and secretary of a domestic corporation annually to file certificate showing the financial condition of such corporation on 1st day of January or July next preceding, such certificate to be filed on or before February 15 or August 15, held that the statute requires a yearly filing, and, where a domestic corporation was organized on February 5, 1920, and no certificate was filed until June 11, 1921, the officers were personally liable for debts contracted during the period of their default.

Appeal from Craighead Circuit Court, Jonesboro District; *G. E. Keck,* Judge; affirmed.

*Horace Sloan,* for appellant.

The statute should be strictly construed in favor of appellants, and they should not be held in default unless they are clearly so under the words of the statute. See 123 Ark. 266; 38 Ark. 519; 40 Ark. 97; 43 Ark. 413; 79 Ark. 517; 68 Ark. 34. The word "annually" means yearly, or "once a year." 107 Fed. 188. A corporation cannot file a statement showing its condition for a year until a year has elapsed from the date of its creation.

*Cooley, Adams & Fuhr,* for appellees.

The statute (§§ 1715 and 1716, C. & M. Dig.) is not final but a remedial one, and should not be governed by the construction of criminal statutes. 68 Ark. 433; 95 Ark. 327; 123 Ark. 226; 126 Ark. 122; 180 Fed. 543; 26 Ga. 299; 146 N. S. 657. Even in the case of statutes falling strictly, or in a general sense, under the head of penal laws, the intention of the Legislature will be permitted to prevail over the rigid application of the rule. 112

Mich. 410; 162 Wis. 32, Ann. Cas. 1918C, 922. The word "annually" means not "once a year" but rather "once in each year." 107 Fed. 188 (191 U. S. 119), 48 L. ed., 119. See also 24 N. E. 993.

HUMPHREYS, J. This appeal involves the sole question of when a newly organized domestic manufacturing or mercantile corporation must file the first annual certificate of its financial condition under §§ 1715 and 1726 of Crawford & Moses' Digest, which are as follows:

"Section 1715. The president and secretary of every corporation organized under the provisions of this act shall annually make a certificate showing the condition of the affairs of such corporation, as nearly as the same can be ascertained, on the first day of January or of July next preceding the time of making such certificate, in the following particulars, viz.: The amount of capital actually paid in; the cash value of its real estate; the cash value of its personal estate; the cash value of its credits; the amount of its debts; the name and number of shares of each stockholder; which certificates shall be deposited on or before the fifteenth day of February or of August with the county clerk of the county in which said corporation transacts its business, who shall record the same at length in a book to be kept by him for that purpose.

"Section 1726. If the president or secretary of any such corporation shall neglect, fail or refuse to comply with the provisions of § 1715, and to perform the duties required of them respectively, the person or persons so neglecting, failing or refusing shall jointly and severally be liable to an action founded on this statute for all debts of such corporation contracted during the period of any such neglect or refusal, and shall be deemed guilty of a misdemeanor, and, upon conviction, shall be fined in any sum not to exceed five hundred dollars, and each and every day such person or persons shall so neglect to comply with the provisions of said § 1715, or fail or refuse to perform said duties, shall constitute a separate offense."

Appellants were respectively the president and secretary of the Arkansas Brick & Lumber Company, a domestic corporation, organized on the fifth day of February, 1920. The president and secretary had not filed the first annual statement of the corporation until June 11, 1921.

Appellees were four creditors of said corporation, who brought separate suits upon their claim against appellant in the circuit court of Craighead County, Jonesboro District, seeking to hold them personally responsible for failure to file a certificate of the financial condition of said corporation, either between July 1 and August 15, 1920, or between January 1 and February 15, 1921. Said corporation was adjudged a bankrupt on August 1, 1921, prior to the institution of this suit. The undisputed testimony shows that the indebtedness sued upon in each of the four consolidated cases was incurred between February 15, 1921, and June 11, 1921.

The trial court construed the statutes aforesaid as requiring the defunct corporation to have filed its first certificate showing its financial condition not later than February 15, 1921, and that appellants were in default and liable personally for having failed to comply with the requirements of the statute.

Appellants contend that, under a strict construction of the statutes, they were not required to file a certificate showing the financial condition of said corporation until the first period fixed by the statute after the expiration of the corporation's fiscal year. They base this contention upon the use of the word "annually" in the statutes, arguing that the intent of the Legislature was that the certificate should embrace a full year's business of a corporation as of either January 1 or July 1. It is pointed out that this corporation was not organized until February 5, 1920, and that the certificate could not have been filed as of July 1, 1920, or January 1, 1921, embracing a full year's business, because upon either date the corporation had not been in existence for a full year. The construction placed upon the statutes by appellants would

permit corporations to actually engage in business for a much greater period than a year before filing its first certificate containing a statement of its financial condition. In this particular instance it is contended that, under the statutes, the president and secretary had until August 15, 1921, to file the first statement of said corporation, or more than a year and one-half after it was organized for the transaction of business.

Appellants are mistaken in their premise that these statutes are penal in whole, and for that reason should be strictly construed. In so far as the statutes relate to civil liability they are remedial in character, and should be liberally construed. *McDonald* v. *Mueller,* 123 Ark. 226; *Taylor* v. *Dexter,* 126 Ark. 122. Irrespective, however, of whether a strict or liberal rule of construction is applied, we think the intent of the Legislature, as gleaned from the language of the statutes, was to require the officers of a corporation to file a certificate showing its financial condition either on July 1 or January 1 during each year of its existence, and not later than February 15 or August 15, as the case may be. We think the word "annually" used in the statutes relates to the time at which the certificate may or must be filed. It may be filed either on January 1 or July 1, but must be filed not later than February 15 or August 15, as the case may be, during the calendar year of the existence of the corporation. The word "annually" as used in the statute was construed in the case of *Continental Bank of Memphis* v. *Bradford,* 107 Fed. 188, to mean that the certificate showing the financial condition of the corporation must be filed by the president and secretary yearly, or once a year. We think this construction correct.

No error appearing, the judgments are affirmed.