PERRY COUNTY v. HOUSE.

4-5087

Opinion delivered May 30, 1938.

Fred A. Donham and Henry E. Spitzberg, for appellant.

J. M. Willemin, for appellee.

MEHAFFY, J. The appellee, Baylor House, sheriff and collector of Perry county, filed certain claims for mileage in the county court of Perry county. The claims

were disallowed, an appeal prosecuted to the circuit court, where the claims were allowed, and the county prosecutes an appeal to this court.

The appellant says: "Therefore, the sole question to be presented to the Supreme Court by this appeal is whether, under the terms of the Initiated Act No. 1, the sheriff of Perry county shall be allowed ten cents (10c) per mile one way or twenty cents (20c) per mile one way while on official business for the county."

Section 4 of the Initiated Act No. 1 of Perry county reads in part as follows: "In addition thereto, (his salary of $1,800 per year in lieu of fees, commissions, and other compensations now allowed by law) he shall be paid actual and necessary expenses of travel of himself and deputies while on business for the county, but in no event shall he be allowed and paid more than 5 cents per circular mile for service of papers for the county or of litigants within the county and such litigants shall not be required to pay more than 5 cents per circular mile for the service of any summons, subpoena, or other writ. Provided that, in no event, shall the salaries and expenses of said office annually exceed 90 per cent. of the gross receipts of the office and shall be payable only from such receipts."

Section 4 of the Initiated Act reads in part as follows: "All county officers whose salaries are fixed by this act except those receiving no fees, shall charge and collect, for the use and benefit of the county, the same fees, costs, commissions, perquisites and compensations as are now or hereafter required or permitted by law to be charged by such officer for such services. All sums so earned shall be public funds, the property of the county, and the collecting officer shall receive same as trustee for the county . . . ."

We deem it unnecessary to copy the entire Initiated Act. The act was adopted at the general election, November 6, 1934, and became effective on December 31, 1934.

It was agreed by the attorneys: first, that Baylor House is the duly elected, qualified and acting sheriff of

Perry county, Arkansas, and has been such since January 1, 1935, and is now such officer; second, that Baylor House collected fees by Initiated Act No. 1 of Perry county and complied with said act in all particulars and a copy of said act is attached or filed in these cases.

This was followed by an agreement as to the claims and the amount paid on each claim, mileage being allowed by the county court at 5 cents a mile.

The circuit court found that the claims should have been allowed at the rate of 10 cents per mile round trip or 20 cents per mile one way, and that Perry county is justly indebted to appellee, for the benefit of the sheriff and collector's salary account, in the sum of $386.70. Judgment was entered for that amount.

The general law with reference to sheriff's fees provides that he shall receive 10 cents a mile each way. There was no effort, and evidently no intention of changing the amount of fees for the services rendered. The law expressly provides that he collects these fees as trustee, and shall pay them into the salary account. They are collected under the law for the use and benefit of the county. Section 9 provides that all sums so earned shall be public funds, the property of the county, and the collecting officer shall receive same as trustee for the county.

The sheriff in this case is not claiming that he is entitled to 10 cents a mile, but his claim is that it is his duty to collect the amount of mileage mentioned in the general law; to collect it as trustee, and, when collected, it becomes public funds. It does not belong to the sheriff and he does not claim it.

The title of Initiated Act No. 1 reads as follows: "An Act to Fix the Salaries and Expenses of County Officers and to Fix the Manner in Which Such Compensations and Salaries Shall be Paid and to Reduce the Cost of County Government, and for Other Purposes."

It will be observed that the purpose of the Initiated Act is not to fix the fees of the sheriff and collector, but to fix the salaries and expenses of county officers and the manner in which compensations and salaries shall be paid, and to reduce the cost of government. The act provides that the salary of the sheriff, as such, and as

exofficio tax collector shall be $1,800 per year for performing all the duties of said offices. This is in lieu of all fees and commissions and other compensations, and he is prohibited from receiving anything in excess of the $1,800. The act expressly provides that in no event shall he be allowed and paid more than 5 cents per circular mile, etc. He is paid his salary under § 1 of the Initiated Act out of the revenues of the county. A portion of § 9 of said act provides that each officer shall, between the first and fifth of each month, render in duplicate a duly verified report of all sums earned by the office during the preceding month, showing in detail the sources and amounts of said earnings, one copy of which shall be filed with the county treasurer and the other with the county clerk, and the reporting officer shall then pay to the county treasurer all sums so earned and reported.

As stated by the appellant, the title to an act is not the ultimate test of the intent, and it is not, therefore, controlling, but it is always proper to examine the title for the purpose of determining the intent of the legislative body.

The primary rule in the construction of a statute is to ascertain and give effect to the intention of the lawmakers, and this intention is to be ascertained from a consideration of the entire act. In arriving at the intention of the lawmaking power it is proper to consider the object to be secured, the circumstances attending the adoption of the measure, and its relation to other laws. *Koser* v. *Oliver,* 186 Ark. 567, 54 S. W. 2d 411; 25 R. C. L. 960, 965; 59 C. J. 948, 989; *Berry* v. *Cousart Bayou Drainage Dist.,* 181 Ark. 974, 28 S. W. 2d 1060.

When the whole act is considered, together with the title of the act, we think it was clearly the intention of the people in adopting the act to fix the salaries and expenses of the county officers, and the manner in which compensations and salaries should be paid, and to reduce the cost of county government. It was not the intention to amend, modify, or change any general law as to the mileage to be collected by the sheriff.

The judgment is affirmed.

GRIFFIN SMITH, C.J., dissents.