**SIEB'S HATCHERIES, Inc., v. LINDLEY et al.**

**No. 1026.**

United States District Court, W. D. Arkansas, Fort Smith Division.

Nov. 25, 1952.

---

James R. Hale, Fayetteville, Ark., for plaintiff.

Hugh M. Bland, Fort Smith, Ark., and Claude Duty, Rogers, Ark., for defendants.

JOHN E. MILLER, District Judge.

On July 26, 1952, plaintiff filed a Motion for Summary Judgment against defend-

ants, Lester Lindley, F. M. Lindley and Sherman Madden, under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., in which it alleged that the pleadings filed herein and the Response to Demand for Admission of Facts filed by said defendants, together with certified, photostatic copy of Articles of Incorporation of Ozark Poultry & Egg, Inc., show there is no genuine issue as to any material fact herein and that plaintiff is entitled to judgment against said defendants. The motion is not directed against the other defendants and no further reference will be made to them.

Rule 56(c) provides:

"The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

The court must ascertain whether the pleadings, depositions and admissions on file, together with the affidavits, show any genuine issue of fact. No issue of fact, if any exists, shall be determined by the court and, if it appears that there is any issue of fact, then the motion should be denied. Ramsouer v. Midland Valley Railroad Company, 8 Cir., 135 F.2d 101; Dulansky v. Iowa-Illinois Gas & Electric Company, 8 Cir., 191 F.2d 881; Koepke v. Fontecchio, 9 Cir., 177 F.2d 125. The case should not be tried on affidavits with no opportunity to cross examine the affiant, and the burden is upon the party who moves for a summary judgment to clearly demonstrate the absence of any genuine issue of fact and any doubt as to the existence of such an issue should be resolved against the movent. Wittlin v. Giacalone, 81 U.S.App.D.C. 20, 154 F.2d 20; Hoffman v. Partridge, 84 U.S.App.D.C. 224, 172 F.2d 275.

The facts as reflected by the record are as follows:

The plaintiff is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Lincoln, Illinois. The defendants are all citizens and residents of the Western District of Arkansas and the amount involved herein exceeds $3,000:00, exclusive of interest and costs.

On December 19, 1949, Articles of Incorporation of Ozark Poultry & Egg, Inc., were filed in the office of the County Clerk of Washington County, Arkansas, and were recorded in Articles of Association Record "E" at Page 510 of the records of said office. The Articles were signed by Claudine Lindley, as President, the defendant, Lester Lindley, as Secretary-Treasurer, and the defendant, F. M. Lindley, as Director. The Articles reflect that the principal place of business of the corporation shall be in the City of Springdale, Washington County, Arkansas, and the defendant, F. M. Lindley, was designated as the resident agent of the corporation. The total amount of the authorized capital stock of the corporation was five-hundred shares of a par value of $100.00 each; and "the amount of capital with which this corporation shall begin business is $50,000.00." The names and post office address of each of the incorporators and the number of shares of capital stock subscribed by each of them showed Claudine Lindley, Springdale, Arkansas, 250 shares; the defendant, Lester Lindley, Springdale, Arkansas, 249 shares; and the defendant, F. M. Lindley, Springdale, Arkansas, 1 share.

The execution of the Articles was acknowledged before a Notary Public who executed the following certificate:

"State of Arkansas⎫
County of Benton⎬ ss.

Be it remembered, that on this 3rd day of December, A. D. 1949, personally came before me, the undersigned, a Notary Public within and for the State and County aforesaid, Claudine Lind-

ley, Lester Lindley and F. M. Lindley, parties in the foregoing Articles of Incorporation, known to me personally to be such and severally acknowledged the same to be the act and deed of the signers respectively, and that the facts therein stated are truly set forth."

On January 16, 1952, a judgment was obtained by plaintiff in this court against the Ozark Poultry & Egg, Inc., for the sum of $8,148.67, with interest thereon from September 5, 1950. The judgment has not been paid and no appeal has been taken therefrom.

On July 16, 1952, the plaintiff, pursuant to Rule 36, Federal Rules of Civil Procedure, filed a request for admission of facts "for the purpose of this action only, within ten days of the date of the filing of this request."

On July 23, 1952, the defendants, Lester Lindley, F. M. Lindley and Sherman Madden, against whom the motion for summary judgment is directed, filed their response to the request for admission of facts. The response was not sworn to by anyone and the material parts thereof are as follows:

"1. Ozark Poultry & Egg, Inc., was incorporated with an authorized capital stock of $50,000.00, not with paid-in capital stock of $50,000.00.

"2. At the time of the organization said corporation, there was paid-in capital stock as follows:

| | |
|---|---|
| Lester Lindley | – $100.00 |
| Claudine Lindley | – $100.00 |
| F. M. Lindley | – $100.00 |

Later and on or about January 1, 1950, the assets of the partnership, Ozark Poultry & Egg Company, were transferred to the corporation and stock was issued for the value of said assets, including $300.00 capital stock above mentioned as follows:

| | |
|---|---|
| Lester Lindley | – $10,200.00 |
| Claudine Lindley | – $10,200.00 |
| F. M. Lindley | – $ 100.00 |
| Total | – $20,500.00 |

This amount of capital stock has been reported in all income tax returns and in Arkansas Franchise Tax Reports, and represents the paid-in capital stock of said corporation.

"3. The above amounts of capital stock paid-in was all of the capital stock ever issued by said corporation."

Request No. 4 was as follows:

"The defendants, F. M. Lindley, Lester Lindley and Sherman Madden are now and have been ever since January 1, 1951, officers and directors of the defendant, Ozark Poultry & Egg, Inc."

The response to this request was as follows:

"Yes, this is substantially correct."

Subsequent to the filing of the response by defendants to the request for admissions of fact, the motion for summary judgment was filed and, on July 28, 1952, a pre-trial conference was held at which the court ordered the attorneys for plaintiff to submit their brief in support of the motion on or before August 23, 1952. The brief was submitted on August 9, 1952. In the same order, the defendants were allowed fifteen days from August 23, 1952, to submit their brief but the defendants did not submit their brief but proceeded, on August 14, 1952, after they had been served with brief of plaintiff in support of its motion, to file a motion to amend their response to the request for admission of facts. A hearing was had on that motion, briefs were submitted thereon and, on September 30, 1952, the motion was denied. See, Sieb's Hatcheries, Inc., v. Lindley, D.C., 13 F.R.D. 113.

In the order denying the motion of defendants to amend their response to the plaintiff's request for admission of facts, the court directed that the defendants be allowed until October 11, 1952, in which to submit their brief in opposition to the plaintiff's motion for summary judgment, which defendants have done.

Simultaneously with the submission of their brief in opposition to the motion of plaintiff, the defendants filed their response to the motion in which they alleged that Section 64-607, Arkansas Statutes 1947, Annotated, does not make officers of the Ozark Poultry & Egg, Inc., liable; that at the time the debt to the plaintiff was con-

tracted by the Ozark Poultry & Egg, Inc., 250 shares of stock were owned by Claudine Lindley, 249 shares by Lester Lindley and 1 share by Sherman Madden.

That there is an issue of fact as to whether or not a fraud, either actual or constructive, was practiced by the corporation upon the plaintiff by inducing it to extend credit to the corporation by reason of the declaration in the Articles of Incorporation; "The amount of capital with which this corporation shall begin business is $50,000.00," when only $20,500.00 of the capital stock had been paid, and that it would require evidence to show whether or not plaintiff was induced to extend credit by any fraudulent misrepresentations made to it by the corporation or by any director or stockholder.

The defendants further alleged in their response that the complaint of the plaintiff does not allege that it has exhausted all of its legal remedies against the corporation or that the corporation is insolvent.

Attached to the response is an affidavit executed by the defendant, F. M. Lindley, in which he states:

"That at the time of the organization of the Ozark Poultry & Egg, Inc., one share of stock of the value of $100.00 was issued to him on or about December 5, 1950. That thirty-five days thereafter, this share of stock was assigned to Sherman·Madden and that he has not owned any stock in said corporation since said date.

"Affiant further states that in the organization of said corporation 250 shares of stock was issued to Claudine Lindley; 249 shares to Lester Lindley and 1 share to him."

Claudine Lindley, divorced wife of defendant, Lester Lindley, was adjudged bankrupt prior to the date the judgment was obtained by plaintiff against the corporation, Ozark Poultry & Egg, Inc.

A summary of the undisputed facts shows:

(1) The corporation, Ozark Poultry & Egg, Inc., began business not later than December 19, 1949, the date of the filing of the Articles of Incorporation in the office of the County Clerk of Washington County, Arkansas, although the charter was issued by the Secretary of State on December 5, 1949. (2) That the Articles of Incorporation provided: "The amount of capital with which this corporation shall begin business is $50,000.00." (3) That the corporation began business with a paid in capital of $20,500.00, only. (4) That the defendants, Lester Lindley and F. M. Lindley, were directors and stockholders at the time it began business along with the bankrupt, Claudine Lindley. (5) The certificate executed by the stockholders and directors that the statements made in the Articles of Incorporation were true, was, in fact, not true in that it began business with only $20,500.00 of capital stock paid in instead of $50,000.00 as certified by the directors and stockholders. (6) That the defendant, Sherman Madden, was not a director or stockholder of the corporation at the time it began business. (7). That the defendants, F. M. Lindley, Lester Lindley and Sherman Madden, are now and have been ever since January 1, 1951, officers and directors of the corporation. (8) That a judgment was obtained against the corporation on January 16, 1952, for $8,148.67, with interest ·thereon from September 5, 1950. (9) That said judgment is unpaid and unsatisfied and an execution issued· thereon has been returned unsatisfied in part.

The plaintiff bases its ·claim for judgment against the defendants, F. M. Lindley, Lester Lindley and Sherman Madden, upon Section 64–607, Arkansas Statutes 1947, Annotated, which is as follows:

"No corporation shall commence business until the amount of capital specified in its articles of·incorporation as the amount of capital with which it will commence business has been paid in. If any corporation shall violate this provision, its directors and stockholders shall be personally liable for the debts of the corporation, but such liability shall not exceed in the aggregate the amount of capital specified in its articles of incorporation as the amount of capital with which it will commence business."

Arkansas is one of the few states that have such a statute as Section 64–607, supra. The Florida statute is verbatim with the exception that in the Florida statute liability in case of violation is imposed upon the directors only. The states of Kansas, Kentucky, Louisiana, Minnesota, Ohio, Pennsylvania, Tennessee, Washington and Wisconsin have statutes somewhat similar but none of the statutes appear to have been construed by any court of last resort. However, there are many decisions based on other statutes that created an additional liability on directors of corporations for their failure to obey the statutes.

In Hughes v. Kelley, 95 Ark. 327, 129 S.W. 784, the Court held that an obligation created by the law raises a promise on the part of the one whose duty it is to perform the obligation. The Court quoted from Nebraska National Bank v. Walsh, 68 Ark. 433, 59 S.W. 952, as follows:

"Having reached the conclusion that this is a statutory liability, and not a penalty, the statute of limitations would be that applicable to all actions founded upon any contract of liability, expressed or implied, not in writing; for before the forms of action were abolished debt was the proper action for enforcing a statutory liability of the kind under consideration." [95 Ark. 327, 129 S.W. 785.]

In Culberhouse v. Fischer Lime & Cementing Co., 167 Ark. 201, 266 S.W. 974, 975, the Court said:

"Appellants are mistaken in their premise that these statutes are penal in whole and for that reason should be strictly construed. In so far as the statutes relate to civil liability, they are remedial in character and should be liberally construed. McDonald v. Mueller, 123 Ark. 226, 183 S.W. 751; Taylor v. Dexter, 126 Ark. 122, 189 S. W. 1060. Irrespective, however, of whether a strict or liberal rule of construction is applied, we think the intent of the Legislature, as gleaned from the language of the statutes, was to require the officers of a corporation to file a certificate showing its financial condition either on July 1st or January 1st during each year of its existence and not later than February 15th or August 15th, as the case may be."

In 18 C.J.S., Corporations, § 602, at page 1327, it is said:

"A liability of stockholders for corporate obligations in addition to that imposed by their liability for unpaid subscriptions or because of special contract or fraud may be imposed by constitutional or statutory provisions subject to limitations imposed by the federal constitution and, in the case of state statutes, by the federal and state constitutions. Such a liability, although it may be characterized as statutory and not contractual, is ordinarily held to be in its nature contractual rather than statutory or penal."

Section 64–101, Arkansas Statutes 1947, Annotated, provides that three or more persons may form a corporation by making, subscribing, acknowledging and filing in the office of the Secretary of State duplicate originals setting forth:

(a) The name of the proposed corporation.

(b) The purpose of the corporation.

(c) The duration of the corporation.

(d) The name of the county and the city or town in which its principal office or place of business is to be located.

(e) The name of its resident agent.

(f) The total number of shares of stock which shall be issued and the kind and par value of each share.

(g) The amount of paid in capital with which the corporation will begin business, which shall not be less than $300.00.

(h) The name and post office address of each of the incorporators and a statement of the number of shares subscribed by each.

Section 64–102, supra, provides that duplicate originals of the articles of incorporation shall be filed with the Secretary of State. One set of such articles of incorporation shall be retained in that office and the other copy, showing the time of filing in the office of the Secretary of State, shall be returned to the incorporators and

be filed and recorded in the office of the County Clerk in the county in which the principal office of the corporation is to be located.

Section 64–103 provides that: "Upon the filing with the Secretary of State of articles of incorporation, the corporation existence shall begin", provided a set of the articles of incorporation is filed for record with the County Clerk of the county in which the corporation's principal office or place of business is located.

Section 64–213 provides:

"No action shall be brought against the stockholders for any debt of the corporation until judgment therefor is recovered against the corporation and an execution thereon has been returned unsatisfied in whole or in part."

The above sections are all incorporated in and a part of Act 255 of the Acts of the General Assembly of Arkansas for the year 1931 as is Section 64–607 relied upon by the plaintiff.

[4] In Volume 1, Fletcher, Cyclopedia of Corporations, Perm. Ed., Section 141, page 481, it is said:

"An incorporation paper which is false as to the amount of stock paid in and the number of shares subscribed for is a nullity."

The author cites O'Neil v. Eagle Generator Company, 92 Ark. 416, 123 S.W. 373, 374, where the court said:

"The certificate required by section 845 to be filed must be true and correct. It is required to be filed for the protection of creditors; and it cannot subserve that purpose unless it be true and correct. A false certificate would be useless, and to hold that it answered the requirement of the statute would be absurd."

The defendants, Lester Lindley and F. M. Lindley, along with Claudine Lindley, certified under oath on December 3, 1949, two days prior to the filing of the articles of incorporation in the office of the Secretary of State and 16 days prior to the recording of said articles in the office of the County Clerk of Washington County, that:

"The amount of capital with which this corporation shall begin business is $50,000.00."

Under Section 64–103 the corporation came into existence on December 5, 1949, the date of the filing of the articles of incorporation with the Secretary of State.

The plaintiff has recovered a judgment and that judgment is unsatisfied. Execution has been issued thereon and only a small portion of the judgment was collected under the execution.

It is the duty of the court to ascertain and give effect to the intention of the lawmakers. Perry County v. House, 196 Ark. 317, 320, 117 S.W.2d 342; Bond v. Kennedy, 213 Ark. 758, 763, 212 S.W.2d 336.

The statute relied upon by the plaintiff is clear and unambiguous and construction is neither necessary nor desirable. In such a situation, the court is concerned with the meaning of what the legislature said rather than what it intended. City of Little Rock v. Arkansas Corporation Commission, 209 Ark. 18, 189 S.W.2d 382.

The defendants in their brief rely upon the case of Wilson v. Lucas, 185 Ark. 183, 47 S.W.2d 8, 10, and quote the following from the opinion:

"Each stockholder is liable on his unpaid subscription only for the proportion thereof which is necessary for the payment of the debts of the corporation when the property of the corporation is insufficient for that purpose. To hold the subscriber liable, the creditor[s] must first show that they have exhausted their legal remedies against the corporation without obtaining satisfaction or that it is insolvent."

The decision in Wilson v. Lucas, supra, and many other similar decisions are based upon Section 64–210, Arkansas Statutes 1947, Annotated, which provides:

"Every holder of shares of stock not fully paid shall be personally liable to the creditors of the corporation for debts of the corporation to an amount equal to the amount unpaid on the shares held by him."

422

That statute is Section 12 of Act 255, supra, and Section 64–607, relied upon by the plaintiff, is Section 27 of the same Act. Thus it will be seen that Section 64–607 provides an additional liability on directors and stockholders where the corporation commences business before the amount of capital stock specified in its articles of incorporation as the amount of capital with which it will commence business has in fact been paid in.

 The judgment of the plaintiff constitutes a debt of the corporation within the meaning of the statute. In Tabor v. Commercial National Bank of Cleveland, 8 Cir., 62 F. 383, 388, the court, in discussing statutory liability of directors for failing to file certain reports, said:

"The only question is, was this judgment a debt of the corporation within the meaning of this statute? A judgment for the recovery of money is the highest evidence of a debt. While, as against others than parties and privies to it, it may not be evidence of the facts on which it was rendered, it is evidence against everybody of its rendition, and of the fact that the judgment debtor owes the judgment creditor the amount of the judgment. Greenl.Ev., § 538. By force of the statutes of Colorado the plaintiff in error has become liable for the debts of this corporation. Whatever was a debt of the corporation is now his debt. This judgment was a debt of the corporation; and, while many contradictory decisions may be found in the state of New York as to the effect of such a judgment as evidence in a suit against a stockholder or director, we are of the opinion that the weight of reason and of authority is that this judgment may be counted upon in a complaint to recover its amount under this statute from the plaintiff in error, and may be introduced in evidence to prove the debt it establishes." See also 19 C.J.S., Corporations, § 885, page 309, and note 12 Ann.Cas. 807.

 The defendants, Lester Lindley and F. M. Lindley, do not challenge the validity of the judgment as, indeed, under the weight of authority a judgment against a corporation in favor of a creditor without notice to a stockholder conclusively establishes the fact of indebtedness. Hale v. Hardon, 1 Cir., 95 F. 747, 757; Reconstruction Finance Corporation v. Central Republic Trust Company, 7 Cir., 128 F.2d 242; 13 Am.Jur., Section 629, page 625; and 19 C.J.S., Corporations, § 922c, page 360. These defendants were privies to the proceedings in which the judgment was rendered. Hancock National Bank v. Farnham, 176 U.S. 640, 644, 20 S.Ct. 506, 44 L.Ed. 619.

 Under the plain, clear and unmistakable provisions of the statute, the defendants, F. M. Lindley and Lester Lindley, are liable personally for the debts of the corporation, not to exceed, however, the aggregate amount of capital specified in the articles of incorporation as the amount with which the corporation would commence business.

 The defendant, Sherman Madden, was not a director or stockholder at the time the corporation commenced business and had nothing to do with the execution, filing and certification of the articles of incorporation, and therefore, he is not within the terms of the statute and not liable on the motion.

The Arkansas Supreme Court has not passed directly upon the questions herein determined but no decisions of that court indicating that it would hold to the contrary have been called to the attention of this court and it is reasonably certain that the holdings herein are the law of Arkansas.

 There is in the record an undisputed affidavit, dated August 8, 1952, showing that at that time there was due and unpaid on the judgment the sum of $8,997.-73, principal, interest and costs, but the court takes judicial knowledge of the fact that subsequent to that date some small payments recovered by execution have been made on the judgment and, therefore, the motion for summary judgment against the defendants, Lester Lindley and F. M. Lindley, should be granted at this time only on

the issue of liability and, upon proof of the amount remaining due the plaintiff on the judgment after allowing all credits, a judgment should be entered against the said defendants, Lester Lindley and F. M. Lindley, for such amount.

The motion for summary judgment against defendant, Sherman Madden should be dismissed.