SIEB'S HATCHERIES, Inc.
v.
LINDLEY et al.
No. 14908.

United States Court of Appeals, Eighth Circuit.
Jan. 19, 1954.

See also 108 F.Supp. 415.

---

**2.** The legal rate of interest in both Minnesota and the District of Columbia is 6%.

Ulys A. Lovell, Springdale, Ark., and James R. Hale, Fayetteville, Ark. (James E. Evans, Springdale, Ark., on the brief), for appellant.

E. J. Ball, Fayetteville, Ark. (Rex W. Perkins, Fayetteville, Ark., on the brief), for appellee Willie Lindley.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

The plaintiff in this action is a judgment creditor of the insolvent Arkansas corporation, Ozark Poultry & Egg, Inc., and the action was brought to obtain judgment against the corporation's officers for the amount of plaintiff's judgment and then to subject certain real and personal property alleged to have been conveyed in fraud of the plaintiff to payment of plaintiff's debt. There was federal jurisdiction because of diversity of citizenship and amount involved, and in the course of the proceedings in the trial court without a jury that court has delivered three very carefully prepared opinions, reported respectively at 13 F.R.D. 113, 118, 108 F.Supp. 415, and 111 F.Supp. 705.

As is clearly shown in the reports, the court found that two of the corporation's organizers and officers, F. M. Lindley, father, and Lester Lindley, his son, were liable to the plaintiff under Section 64-607, Arkansas Statutes, 1947 Annotated, in the amount of the debt of the corporation to the plaintiff and the court rendered judgment against each of them accordingly. 108 F.Supp. 422–423. No appeal was taken. Then, after plenary trial, the court adjudged that two out of five accused transfers of property which were made to Mrs. Willie Lindley, wife of F. M. and mother of Lester Lindley, after the corporation's indebtedness to plaintiff and the liability of F. M. and Lester Lindley for such indebtedness had accrued, were fraudulent as to the plaintiff and said two transfers were avoided and the property transferred was subjected to payment of the plaintiff's debt. 111 F.Supp. 718, 719. No appeal has been taken from that part of the judgment.

The court also adjudged that three of the accused transfers to Mrs. Willie Lindley were "valid transfers" and "not a fraud upon the plaintiff" and avoidance thereof was refused. 111 F.Supp. 718. Plaintiff has taken this appeal to reverse that part of the judgment.

The three properties now in the hands of Mrs. Willie Lindley which the court refused to subject to plaintiff's debt are (1) a decree agreed upon and entered during trial evidencing that Southwest Lime Company had received the sum of $10,000 from F. M. Lindley and in consideration thereof transferred to him its claims in its suit against Ozark Poultry & Egg, Inc., consisting among other things of a $10,000 note issued to it by that company secured by a mortgage on the company's real estate of date prior to the accrual of plaintiff's debt; (2) a judgment in favor of the Illinois Central Railroad Company against Ozark Poultry & Egg, Inc., for $780.22 and costs, also constituting a lien on the poultry company's real estate prior to plaintiff's debt, and (3) a small farm in McDonald County, Missouri, which Lester Lindley had contracted to purchase.

As to these three items of property, the trial court found that during the 47 years F. M. Lindley and Willie Lindley had been married they had worked together and accumulated property consisting of (1) a large farm in Washington County, Arkansas, owned by them as tenants by the entirety, (2) a rental property in Springdale also owned by them as tenants by the entirety, and (3) their homestead in Springdale. They have also had a joint bank account for years and Mrs. Lindley had saved some money from her individual work.

Their large farm was sold in February, 1952, and they received around $25,000 net for it after satisfying liens and Mrs. Lindley demanded a division of property between her and her husband. On March 12, 1952, the sum of $17,821.09 was deposited in a Springdale bank in the name of F. M. Lindley and/or Willie Lindley which Mrs. Lindley testified belonged to her and represented her interest in the proceeds of the sale of the farm.

The court found as fact that in acquiring the three properties in question Mrs. Lindley did not intend to perpetrate any fraud upon the creditors of her husband and son and that she paid from her own funds for the three items of property which were transferred to her and are now in her hands. That the money with which the Lime Company suit was settled and the $10,000 note and mortgage and the McDonald County, Missouri, land were acquired by Mrs. Lindley came from the said bank deposit derived from the sale of the large farm. Both Mr. and Mrs. Lindley so testified and the court so found. It also found that the transfer for value of the three properties to Mrs. Lindley occasioned no injury or prejudice to the plaintiff's rights.

Appellant earnestly contends that said findings of the trial court were clearly erroneous, that the properties were not acquired by Mrs. Lindley with her own funds and that even if they were so acquired, she ought not to be allowed to asset ownership against appellant because she was joined with her husband in a scheme to cheat and defraud appellant out of its debt.

The applicable Arkansas law concerning fraudulent transfers to defeat creditors, especially where, as in this case, the transfers are between close relatives, is fully discussed and declared in the three opinions of the trial court and we do not hold that the court was in error in respect to the law. The contention that the fact findings were clearly erroneous has compelled careful consideration of all the evidence. But after such study of the evidence we are not "left with the definite and firm conviction that a mistake has been committed" in the findings. Rule 52(a), Fed.Rules Civ. Proc. 28 U.S.C.A.; United States v. United States Gypsum Co., 333 U.S. 364, loc. cit. 395, 68 S.Ct. 525, 542, 92 L.Ed. 746; Kasper v. Baron, 8 Cir., 207 F. 2d 744; Aetna Life Ins. Co. v. Kepler, 8 Cir., 116 F.2d 1.

The proof was positive that Mrs. Lindley actually had the cash money accrued to her from the sale of the large farm in which her interest as a tenant by the entirety was shown as matter of record. She used her own money as she had the right to do to buy the liens against the poultry and egg company real estate which were prior to plaintiff's debt, and also the small Missouri farm. As shown in its opinion, the trial court scrutinized all of the accused transfers to her and did not hesitate to avoid those as to which the court was not satisfied that she had in good faith bought them with her own funds, without injury to the plaintiff. We have not failed to consider the forceful arguments for the plaintiff in support of contrary inferences that might have been drawn from the evidence. But the findings of the trial court are supported by substantial evidence and are not clearly erroneous.

The judgment is affirmed.