RIDER, EXECUTRIX *v.* CUNNINGHAM, JUDGE.

5-2168                                    337 S. W. 2d 868

Opinion delivered September 12, 1960.

*Wayne Boyce,* for petitioner.

*Kaneaster Hodges,* for respondent.

ED. F. McFADDIN, Associate Justice. This is an original suit filed in this Court by Mrs. Nettie Rider as Executrix of the Estate of E. C. Rider, seeking a writ to prohibit the Chancery Court of Jackson County from proceeding in a cause therein pending wherein Hutson

*et al.* are Plaintiffs and Rider *et al.* are Defendants, and referred to as the "Hutson-Rider case."

On March 31, 1959 Hutson *et al.* filed complaint in the Jackson Chancery Court against E. C. Rider, Dene Hook, Mary Hook, and the Dene Hook Motor Company, Inc. The complaint alleged that in a series of transactions at various times E. C. Rider, as President and chief executive officer of the Dene Hook Motor Company, Inc., had used funds of the corporation wrongfully and fraudulently to his personal gain and had thereby become a trustee for the corporation of certain properties purchased and standing in the name of E. C. Rider. The complaint alleged that the plaintiffs were at all times stockholders in the corporation but had only recently learned of the wrongful activities of E. C. Rider; and that Dene Hook and Mary Hook, as the other stockholders and as the officers of the corporation, had refused to allow the corporation to proceed against E. C. Rider. The complaint was for an accounting by E. C. Rider, the impressing of a trust for the benefit of the corporation on certain properties standing in the name of E. C. Rider, judgment for money, and for costs and other relief.

Summons was duly served on E. C. Rider in person on April 1, 1959; but he departed this life on April 20, 1959 before filing any defensive pleading. Mrs. Nettie Rider was appointed executrix of the Estate of E. C. Rider; and Hutson *et al.*, as Plaintiffs in the Hutson-Rider case, had the cause revived against the Executrix by Order of Revivor of the Jackson Chancery Court (see § 62-2602, Ark. Stats.). Thereupon Mrs. Rider, as Executrix, filed this original proceeding in the Supreme Court to prohibit the Chancery Court from further proceedings in the Hutson-Rider case. The theory of the Executrix is, that the alleged cause of action against E. C. Rider did not survive his death: and, therefore, the Chancery Court was without jurisdiction to enter an order of revivor.

While we entertain grave doubts as to a writ of prohibition being the proper remedy in a case like this

one, we forego a decision on that point because it is not briefed and because, even if prohibition should be a remedy available to a petitioner in a case like this, we nevertheless deny the writ because we conclude that the Chancery Court Order of Revivor was correct.

Our applicable statute on survival of actions is § 27-901, Ark. Stats. which provides that for wrongs done to the person or property of another an action may be brought against wrongdoer, ''. . . or after his death, against his executor or administrator . . .'' In 1 Am. Jur. page 82 (''Abatement and Revival'' § 107), the holdings of the various jurisdictions are summarized:

''Where the cause of action against an officer of a corporation arises from a breach of a fiduciary relation by which he enriches himself, his death does not abate the action. Therefore, a cause of action against such officer for misappropriation of corporate property by him while in office, the cause of action having arisen from a breach of a fiduciary relation by which the officer enriched himself, survives his death. An action in equity against a director of a corporation to recover secret profits made under a contract with the corporation survives against his executor or administrator.''

In 79 A. L. R. 1517 there is an extensive and enlightening annotation: ''Abatement upon death, of cause of action to enforce personal liability of corporate officer, director, or trustee''; and the holdings are summarized:

''In various cases involving causes of action for negligence or misconduct of officers, directors, or trustees of corporations, or misappropriation of corporate property, it has been held that the cause of action survived the death of the officer, director, or trustee.''

Our own case of *Hughes* v. *Kelley*, 95 Ark. 327, 129 S. W. 784, points to the conclusion that we reach. There, the officers of the corporation had failed to file

an annual report as required by statute.[1] A creditor of the corporation brought action against the individual officers of the corporation. One of the officers was deceased and his executor was made a party. The question was, whether the cause of action under the statute survived against the estate of the deceased officer. In holding that such cause of action did survive, we quoted from our earlier case of *Nebraska National Bank* v. *Walsh,* 68 Ark. 433, 59 S. W. 952:

" 'Having reached the conclusion that this is a statutory liability, and not a penalty, the statute of limitations would be that applicable to all actions founded upon any contract of liability, expressed or implied not in writing; for before the forms of action were abolished, debt was the proper action for enforcing a statutory liability of the kind under consideration.' "

In the case at bar the proceeding is for an accounting, impressing of a trust on property, and obtaining a judgment for whatever may be shown due the corporation by the accounting. This is not a penal proceeding, but is in all respects a proceeding to redress a wrong to the corporation. We conclude that the Order of Revivor was correct and the Writ of Prohibition is, therefore, denied.

---

[1]The statute read: "If the president or secretary of any such corporation shall neglect or refuse to comply with the provisions of section 848 and to perform the duties required of them respectively, the persons so neglecting or refusing shall jointly and severally be liable to an action founded on this statute, for all debts of such corporation contracted during the period of any such neglect or refusal."